**LING, OLIVER, O'DWYER ELECTRIC COMPANY, INC., Appellant,**

v.

**LADD TOOL COMPANY, Appellee.**

No. 04–84–00548–CV.

Court of Appeals of Texas, San Antonio.

Dec. 4, 1985.

Rehearing Denied Dec. 31, 1985.

Thomas E. Quirk, Beckman, Krenek, Olson & Quirk, San Antonio, for appellant.

William L. Powers, Robert Summers, San Antonio, for appellee.

Before REEVES and TIJERINA, JJ., and T. GILBERT SHARPE, Assigned Justice.*

OPINION

REEVES, Justice.

This appeal arises out of a products liability action brought by Albert and Elizabeth Oppelt, plaintiffs below, against cross-appellee, Ladd Tool Company (Ladd), and cross-appellant, Ling, Oliver, O'Dwyer Electric Company, Inc. (Ling). Also joined as defendants below, but not parties to this appeal, were Nathan Alterman Electric Company and Joe Woods Sales Company, Inc.

Plaintiff Albert Oppelt was injured in an industrial accident arising out of the use of a power-gun manufactured by Ladd and owned by Ling at the time of the injury. Upon being joined as a defendant in this

* Assigned to this case by the Chief Justice of the Supreme Court of Texas as authorized pursuant to Paragraph (d) of Article 1812, Texas Revised

cause, Ling filed a cross-claim against Ladd for indemnification. Prior to trial plaintiffs settled with Ladd and the case proceeded to trial on plaintiff's claim against Ling and on Ling's cross-action against Ladd.

By agreement of the parties present at trial, the indemnity question was withdrawn from the jury and submitted to the trial judge. Ling requested and received submission of special issues to the jury pertaining to the negligence or product defect attributable to each defendant, including Ladd. In response to these special issues, the jury held that Ling was not negligent in furnishing the power tool, but that Ling shared ten percent (10%) of the culpability for plaintiffs' injuries. The trial judge entered judgment holding that plaintiffs take nothing by their suit against Ling, and that Ling had no right to indemnification against Ladd for a reasonable attorney fees it had occurred in defending itself in the products liability action.

Ling now appeals and argues that the trial judge erred in denying its claim for indemnity.

█ The right to indemnification against another tortfeasor traditionally has been granted in accordance with the rule set forth by the Supreme Court in *Austin Road Co. v. Pope*, 147 Tex. 430, 216 S.W.2d 563, 565 (1949). There, the Court held:

In order to determine whether the loss should be shifted from one tortfeasor to another the proper approach is to consider the one seeking indemnity as though he were a plaintiff suing the other in tort, and then determine whether such a one as plaintiff, though guilty of a wrong against a third person, is nevertheless entitled to recover against his co-tortfeasor.

█ Any such imaginary lawsuit that Ling could bring against Ladd arising out of the sale of the power tool would have to be under a products liability theory of recovery which, in Texas, is governed by the rule stated in section 402A of the Restatement (Second) of Torts (1966). *McKisson*

Civil Statutes as amended by H.B. 2244 (Acts 1983, 68th Leg., p. 1912, Ch. 354, Sec. 1, eff. June 16, 1983).

*v. Sales Affiliates, Inc.,* 416 S.W.2d 787 (Tex.1967). Under this rule of strict liability one who sells a defective product is liable only for *"physical harm* thereby caused to the ultimate user or consumer, or to his property...." Restatement (Second) of Torts § 402A(1) (1966). (Emphasis added).

◼ The only injury suffered by Ling in this action was the liability that it potentially incurred by reason of the plaintiff's suit. Ling suffered neither physical harm nor property damage as a result of Ladd's sale of the defective power tool. In *General Motors Corp. v. Simmons,* 558 S.W.2d 855 (Tex.1977), *overruled on other grounds,* in *Duncan v. Cessna,* 665 S.W.2d 414, 427 (Tex.1984), the Supreme Court held that where the only claim of damage in a section 402A action was tort liability to others, indemnity is not proper. *See also Foster v. Ford Motor Co.,* 616 F.2d 1304 (5th Cir. 1980) (applying Texas law); *County of Nueces v. Svadja,* 608 S.W.2d 752 (Tex.Civ. App.—Corpus Christi 1980, writ ref'd n.r. e.). Because Ling could not have maintained an action under section 402A against Ladd, the trial court properly denied its request for indemnity.

The district court's holding that Ling is not entitled to indemnity from Ladd is affirmed.