**Duane KEITH, Plaintiff–Appellant,**

v.

**STOELTING, INC., Defendant–Appellee.**

No. 90–5548.

United States Court of Appeals, Fifth Circuit.

Oct. 29, 1990.

Earle Cobb, Jr., San Antonio, Tex., for plaintiff-appellant.

Mark S. Helmke, Foster, Lewis, Langley, Gardner & Banack, Inc., San Antonio, Tex., for defendant-appellee.

Before CLARK, Chief Judge, THORNBERRY and HIGGINBOTHAM, Circuit Judges.

PER CURIAM:

Duane Keith (Keith) appeals the dismissal of this action against Stoelting, Inc. for failure to state a claim. We affirm.

## I.

Keith's allegations were as follows. He was employed by the Texas Department of Public Safety (the Department). Prior to 1985 the Department purchased a polygraph machine manufactured by Stoelting. Stoelting advertised and represented that the polygraph would detect deception.

In April of 1985, the Department requested that Keith submit to a polygraph test with Stoelting's machine. The machine showed that Keith did not answer truthfully, and Keith was terminated.

Keith based his claims on a violation of the Texas Deceptive Trade Practices–Consumer Protection Act, strict products liability, breach of warranty and negligence.

## II.

We address each of the asserted causes of action.

### A. *Texas Deceptive Trade Practices Act*

■ Keith does not specifically invoke the provisions of the Texas Deceptive Trade Practices–Consumer Protection Act (the DTPA), Tex.Bus. & Com.Code Ann. § 17.41 et seq. However, to give him the full benefit of our rule on liberal review of dismissals on the pleadings, we assume he asserted a cause of action under the DTPA. *See Rankin v. City of Wichita Falls*, 762 F.2d 444, 446 (5th Cir.1985).

A threshold requirement for a claim under the DTPA is that the plaintiff be a consumer. *Eckman v. Centennial Savings Bank*, 784 S.W.2d 672, 674 (Tex.1990). A consumer is an individual who seeks or acquires goods or services by purchase or lease. Tex.Bus. & Com.Code § 17.45(4). Keith admits that he is not a consumer, but contends that he need not be. *Eckman* answers this contention.

Before filing suit, a DTPA plaintiff must give written notice of his specific complaint and the amount of actual damages and expenses. Tex.Bus. & Com Code Ann. § 17.505(a). Plaintiff has the burden to plead and prove compliance with this notice requirement, and Keith failed to do so. *How Insurance Company v. Patriot Financial Services of Texas, Inc.*, 786 S.W.2d 533, 537 (Tex.App.1990). Keith's petition states no cause of action under the DTPA.

### B. *Strict Liability*

■ Keith alleges a cause of action based on strict products liability as set out in § 402A of the Restatement (Second) of Torts. He alleges that the polygraph was defective, unsafe and unreasonably dangerous.

Stoelting correctly argues that Keith has no strict liability claim because he did not allege any physical harm. Texas courts have clearly held that a claim under § 402A requires that the product cause physical harm to the plaintiff or his property. *Nobility Homes of Texas v. Shivers*, 557 S.W.2d 77, 80 (Tex.1977); *Ling, Oliver, O'Dwyer Electric Company, Inc. v. Ladd Tool Company*, 702 S.W.2d 658, 660 (Tex. App.1985, *writ ref'd n.r.e.*)

In addition, Stoelting contends that strict liability is inapplicable here because the doctrine does not apply where the allegedly defective product is intimately and inseparably connected with the providing of professional services. *Nevauex v. Park Place Hospital, Inc.*, 656 S.W.2d 923, 926 (Tex. App.1983, *writ ref'd n.r.e.*); *Easterly v. HSP of Texas, Inc.*, 772 S.W.2d 211, 213 (Tex.App.1989, no writ). This rule is most often applied to cases involving medical services. Stoelting contends that the skills of a trained polygraph examiner were an essential part of the testing procedure. We need not decide whether the examiner provided professional services because no physical harm is involved. Keith has failed to state a claim under strict products liability.

## C. *Breach of Warranty*

Keith alleged that Stoelting breached express and implied warranties that its product was of merchantable quality and was safe and fit for its intended purpose when used under ordinary conditions and in an ordinary manner.

Breach of warranty is governed by the same rules which govern actions for breach of contract. *Boelens v. Redman Homes, Inc.*, 748 F.2d 1058 (5th Cir.1984). Keith may not recover damages for mental anguish in a contract action. *Dean v. Dean*, 837 F.2d 1267 (5th Cir.1988). We, therefore, limit our review to Keith's claims which involve economic loss.

The primary issue under Keith's breach of warranty claims is whether privity must exist between Stoelting and Keith. Texas courts have recognized two types of privity: vertical and horizontal. Vertical privity is "privity which includes all parties in the distribution chain from the initial supplier of the product to the ultimate purchaser." *Garcia v. Texas Instruments*, 610 S.W.2d 456, 463 (Tex.1980). Horizontal privity "describes the relationship between the original supplier and a non-purchasing party who is affected by the product, such as the family of the ultimate purchaser or a bystander." *Id.* at 463–64. Keith does not contend that he is a purchaser of the product so we need only examine whether Texas allows recovery to someone who is in horizontal privity with the manufacturer.

Keith's claim under an express warranty theory clearly fails. Texas courts require direct privity between the plaintiff and the defendant in such cases. *Texas Processed Plastics, Inc. v. Gray Enterprises, Inc.*, 592 S.W.2d 412 (Tex.Civ.App. 1979 no writ).

Keith urges that *Garcia* supports recovery of damages for his injuries. In *Garcia*, the court held that an employee of the purchaser of sulfuric acid could bring a personal injury action against the supplier under the Texas U.C.C. implied warranty of merchantability. The court held that the U.C.C. applies to personal injuries and that someone with only horizontal privity could recover. 610 S.W.2d 456. However, Texas courts have never allowed recovery for economic loss in personal injury cases such as *Garcia* to persons lacking horizontal privity. The economic loss cases relied on by Keith involve only vertical privity. *See Nobility Homes*, 557 S.W.2d 77 (addressing economic loss to a "consumer buyer," a status Keith lacks). Texas courts have urged the exercise of caution in making further extensions of the privity requirements. *Merit Drilling Co. v. Honish*, 715 S.W.2d 87, 93 (Tex.App.1986 no writ). Because Texas law affords no precedent, we predict that Texas will not extend horizontal privity to economic loss cases such as Keith asserts here.

## D. *Negligence*

Keith contends that Stoelting was negligent in advertising that its machine would detect deception and confirm truthfulness. He also asserts Stoelting was negligent in failing to warn that any polygraph machines would be unreliable in a certain percentage of tests.

For purposes of reviewing this dismissal, we will assume that Keith, although a career law enforcement officer, needed to be warned and that such a warning would have been effective even though he was required by his employer to submit to the examination.

Assuming also that a duty to warn did exist, that duty would be satisfied by the statutorily required presence of a "learned intermediary" to convey the necessary information to subjects of polygraph tests. *Osburn v. Anchor Laboratories*, 825 F.2d 908, 913 (5th Cir.1987). Given this licensing requirement for polygraph operators, Stoelting is bound to have had a "reasonable assurance" that any required warnings would reach anyone arguably "endangered" by use of the product. *Alm v. Aluminum Company of America*, 717 S.W.2d 588, 591 (Tex.1986).

Any duty to warn is met by the necessary presence of the polygraph examiner. Under general negligence rules, a person is under no legal duty to control the conduct

of another, *Otis Engineering Corp. v. Clark,* 668 S.W.2d 307 (Tex.1983), nor must one anticipate the negligent conduct of another, *J.R. Beadel & Co. v. De la Garza,* 690 S.W.2d 71 (Tex.App.1985, writ ref'd n.r.e.).

Stoelting was not negligent in failing to warn of a potential for unreliability in the polygraph machine and testing procedures.

### III.

On appeal, Keith, apparently for the first time, contends that his pleadings state a claim for fraud. We need not decide whether Keith adequately developed this contention in the trial court because his pleadings show he failed to satisfy the requirements for pleading fraud.

Under Fed.R.Civ.P. 9(b), fraud is a "special matter," and the circumstances constituting fraud must be stated with particularity. At a minimum, this requires that the plaintiff allege the time, place and contents of the alleged misrepresentation, as well as the identity of the person making them. *See* 5 C. Wright & A. Miller, *Federal Practice and Procedure* § 1297 at 403 (1979); 2A J. Moore and J. Lucas, *Moore's Federal Practice* § 9.03 at 9–23–24 (2d ed. 1985).

██ Keith's complaint does not contain the required particulars. Conclusory allegations of fraud are not sufficient to survive dismissal for failure to state a claim. *Smith v. Ayres,* 845 F.2d 1360, 1365 (5th Cir.1988).

### IV.

The district court did not err in granting Stoelting's motion to dismiss Keith's complaint for failure to state a claim.

AFFIRMED.