958 F.2d 378
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
SECO NEVADA, INC., Plaintiff-Appellant,
v.
John MCMORDIE, Patrick Crouch, and Joseph Praeger,
Defendants-Appellees.
 No. 87-1594.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted March 10, 1992.
Decided March 20, 1992.
 
 Before CHOY, FARRIS and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 1. Witness sequestration
 
 2
 Seco argues that the district court failed to instruct the parties clearly. Seco cites United States v. Buchanan, 787 F.2d 477 (10th Cir.1986). In Buchanan, the district court had failed to instruct excluded witnesses not to confer with other witnesses. The Tenth Circuit noted that "failure to instruct the witnesses fully after the Rule is invoked may cause reversal." Id. at 485. In this case, the witnesses were instructed fully; any ambiguity in the sequestration order is resolved in favor of Seco--the party charged with violating the order--but does not constitute reversible error.
 
 
 3
 In arguing that the district court's July 9, 1986, instruction was improper because Richard Stober had not violated the court's sequestration order, Seco emphasizes that John Eade was excluded from the order and Les Sans did not testify. Although Stober and Eade could discuss the case, Stober and Sans were prohibited from doing so because Sans was still scheduled to testify. Their discussion created a risk that Stober would alter his remaining testimony to corroborate Sans' testimony. The court could properly conclude that Stober violated the order.
 
 
 4
 When violation of a sequestration order is established, the court may elect from a variety of sanctions. See Jack B. Weinstein & Margaret A. Berger, Weinstein's Evidence p 615, at 615-22 (1988). The district court chose to instruct the jury. The court's instruction should have referred to Sans rather than John Eade, but in light of Stober's clear violation of the sequestration order, this error was harmless. The court appropriately sanctioned Stober. Seco's argument that the court should have allowed it to explore the extent of Stober's contacts with Eade and Sans is unpersuasive.
 
 
 5
 Seco's argument that the district court's July 11, 1986, instruction failed to remedy its erroneous jury instruction regarding John Eade ignores the applicable standard of review. We must determine whether the jury instructions, considered as a whole, are misleading or inadequate. See United States v. Beltran-Rios, 878 F.2d 1208, 1214 (9th Cir.1989). The court's instruction corrected its previous error. In any event, Seco's proposed instruction incorrectly indicated that Eade and Stober had not violated the sequestration order.
 
 2. Due process violation
 
 6
 We reject Seco's argument that the district court's order that Seco's counsel not discuss the case with more than one witness at a time violated due process. In Potashnick v. Port City Constr. Co., 609 F.2d 1101 (5th Cir.), cert. denied, 449 U.S. 820 (1980), the court prohibited counsel from conferring with his client during recesses. Even if John Eade is considered a witness for purposes of the court's order, he could meet freely with counsel so long as other witnesses were not present. More likely, Eade was excluded from the court's order; since he was excluded from the sequestration order and could discuss the case with other witnesses, he could also do so when Seco's attorney was present. The order did not violate due process.
 
 3. Privity instruction
 
 7
 Seco argues that the district court erred in instructing the jury that Seco could not recover for breach of contract or express warranty unless there was a contract between Seco and McMordie. Although the reporter's transcript supports McMordie's contention that Seco did not object to the instruction, the court ruled that "the transcript is correct as written although my Order regarding Jury Instruction 71 shows that it was given over objection." This is sufficient to preserve Seco's argument for appeal.
 
 
 8
 In Nobility Homes of Texas, Inc. v. Shivers, 557 S.W.2d 77, 81 (Tex.1977), the Texas Supreme Court held that "privity is not a requirement for a Uniform Commercial Code implied warranty action for economic loss." The court noted that remedies for breach of an express warranty under Tex.Bus. & Comm.Code § 2.313 were "not affected" by its decision. Id. at 80.
 
 
 9
 The Texas Supreme Court has not addressed whether Nobility Homes should be extended to express warranty claims, but there are decisions from the Texas Court of Appeals. In Texas Processed Plastics v. Gray Enters., 592 S.W.2d 412, 415 (Tex.Civ.App.1979), the court held that "privity of contract must exist between the parties." More recently, the court in Indust-Ri-Chem Lab. v. Par-Pak Co., Inc., 602 S.W.2d 282, 287 (Tex.Civ.App.1980), held that "privity is not required where a manufacturer induces the purchase by furnishing samples to a middleman knowing that the middleman will use the samples to induce sales of the product." The court further noted:
 
 
 10
 [W]e expressly disagree with the contrary holding in Texas Processed Plastics.... In that case, the Tyler Court of Civil Appeals held that privity of contract was always required for recovery under an express warranty by sample. In so holding, the court, without analysis, followed Pioneer Hi-Bred Int'l, Inc. v. Talley, 493 S.W.2d 602 (Tex.Civ.App.--Amarillo 1973, no writ) and Thermal Supply of Texas, Inc. v. Asel, 468 S.W.2d 927, 929 (Tex.Civ.App.--Austin 1971, no writ). In our view, all of these cases are contrary to the rationale of the supreme court in Nobility Homes of Texas and United States Pipe Co. [v. City of Waco, 108 S.W.2d 432 (Tex.), cert. denied, 302 U.S. 749 (1937) ].
 
 
 11
 Id. at 288.
 
 
 12
 The Texas Supreme Court most likely would agree that Indust-Ri-Chem is the better reasoned authority. In Cameron v. Terrell & Garrett, Inc., 618 S.W.2d 535, 540 (Tex.1981), the court held that privity is not required for recovery under the Texas Deceptive Trade Practices-Consumer Protection Act. The court noted that "privity requirements have been dispensed with altogether in negligence suits, in implied warranty suits for economic loss, and, for the most part, privity requirements have also been abolished in strict liability suits." Id.
 
 
 13
 At oral argument, McMordie asserted that the Fifth Circuit has already concluded that the Texas Supreme Court would require privity. Keith v. Stoelting, Inc., 915 F.2d 996, 999 (5th Cir.1990) (emphasis added), noted that "Texas courts have never allowed recovery for economic loss in personal injury cases ... to persons lacking horizontal privity." The court distinguished Nobility Homes, which involved vertical rather than horizontal privity. See id. Because this case involves vertical privity, see id. (defining two types of privity), Keith is inapposite.
 
 
 14
 McMordie's attempt to distinguish Indust-Ri-Chem is unpersuasive. McMordie argues that he did not produce samples, but rather produced the actual cattle that were offered for sale. This assertion is not supported by the record: (1) John Eade and Stober did not survey all 2000 cattle and (2) the bill of sale indicates "hfrs to be same as sample presented to buyer." McMordie argues that the Seco Partnership could have inspected the cattle prior to purchase, but the bill of sale indicates only that "buyer has optional 5% cut for quality" and "[s]eller must furnish health papers, preg. test & dip."
 
 
 15
 The district court's judgment regarding Seco's breach of express warranty claim is reversed and remanded. McMordie knew that Harold Eade was not the ultimate purchaser of the cattle and induced the Seco Partnership to purchase the cattle by presenting appropriate samples. The jury awarded Seco no damages on the breach of warranty claim despite testimony that the cattle were worth almost $500,000 less than as warranted. The court's error was not harmless.
 
 4. Reporter's transcript
 
 16
 Because we have addressed Seco's privity argument and remanded for a new trial on the breach of express warranty claim, we need not address Seco's argument that the court reporter failed to provide a timely and accurate transcript. Seco's only showing of prejudice is that its objection to Jury Instruction 71 is missing from the relevant portion of the transcript. The district court acknowledged the error. This was sufficient to correct the defect.
 
 
 17
 AFFIRMED IN PART, REVERSED IN PART, and REMANDED for a new trial on the breach of express warranty claim against McMordie.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this Circuit except as provided by Ninth Circuit Rule 36-3