Lawrence PETRICCA, Plaintiff,

v.

Charles R. SIMPSON, Dennis Boulay, Peter Muise, Frank Ronne, Marilyn F. Parks, Quincy Savings Bank and FDIC, Receiver for Winchendon Savings Bank, Defendants,

v.

Lawrence A. DiNARDO, David Murphy and Mark O'Connor, Third Party Defendants.

Civ. A. No. 93–40171–XX–NMG.

United States District Court, D. Massachusetts.

Aug. 15, 1994.

Lawrence Petricca, pro se.

Richard James Mercer, Dover, MA, for Charles R. Simpson, Dennis Boulay, Peter Muise, Frank Ronne, Quincy Sav. Bank,

Lawrence A. DiNardo, David Murphy and Mark O'Connor.

Michael P. Angelini, Bowditch & Dewey, Worcester, MA, for Marilyn F. Parks.

Laura A. Mann, Law Offices of Jeffrey D. Williams, Milford, MA, for Winchendon Sav., F.D.I.C.

GORTON, District Judge.

Report and Recommendation accepted and adopted.

## REPORT AND RECOMMENDATION

July 21, 1994

SWARTWOOD, United States Magistrate Judge.

### Nature of the Proceeding

This matter was referred to me by Order of Reference dated May 25, 1994, for Findings and Recommendations pursuant to 28 U.S.C. § 636(b)(1)(B) on a Motion to Dismiss filed by the Defendants, Charles R. Simpson, Dennis Boulay, Peter Muise, Quincy Savings Bank, and Frank Ronne and "Third Party Defendants", Lawrence A. DiNardo, David Murphy and Mark O'Connor (Docket No. 9).

### Nature of Case

This Complaint was originally filed in the Massachusetts Superior Court (Worcester Division) and was thereafter removed to this Court by the Federal Deposit Insurance Corporation ("FDIC") as liquidating agent/receiver for the Defendant, Winchendon Savings Bank. The named Defendants include: Winchendon Savings Bank, the original mortgagee and Marilyn F. Parks, a former employee of that bank; Quincy Savings Bank ("Bank"), as assignee of Plaintiff's mortgage; Charles R. Simpson (President of the Bank); Dennis Boulay (Vice President and Senior Mortgage Officer of the Bank); Peter Muise (Senior Vice President and Treasurer of the Bank); Frank Ronne (an independent auctioneer); Lawrence A. DiNardo (an attorney for the Bank who is employed by the law firm of Serafini, Purdy, DiNardo & Wells); David Murphy and Mark O'Connor (employees of D & R Co., independent property managers). On October 28, 1993, Judge Gor-

ton allowed the FDIC to be substituted for Winchendon Savings Bank with respect to this case (the FDIC had been appointed as the liquidating agent/receiver for that bank). On March 4, 1994, Judge Gorton allowed the respective Motions to Dismiss of Marilyn F. Parks and the FDIC.

Plaintiff is a New Hampshire resident. All of the remaining Defendants are residents of Massachusetts. Therefore, although the FDIC is no longer a party to this action, this Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332 in that the matter in controversy exceeds the sum or value of Fifty Thousand Dollars ($50,000) exclusive of interest and costs and Plaintiff and each of the Defendants[1] are citizens of different states.

Plaintiff's Complaint is replete with misused legal words and phrases which obscure the gravamen of his Complaint. However, because Plaintiff appears *pro se*[2], I am required to review his Complaint liberally and to grant him considerable latitude in stating his claims for relief. *See Haines v. Kerner*, 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972); *Eveland v. Director of C.I.A.*, 843 F.2d 46 (1st Cir.1988). In his three count Complaint, Plaintiff seeks relief for "intrinsic fraud" (Count I), "constructive fraud" (Count II) and "Breach of Quasi–Oral Contract" (Count III). Essentially, Plaintiff states a claim for fraud and breach of contract on the grounds that he was induced to sign a note and mortgage to the Winchendon Savings Bank (evidencing a $120,000 loan made by the Winchendon Savings Bank to L & R Realty Trust, of which the Plaintiff was a Trustee) and that the loan proceeds paid to the L & R Realty Trust by the Winchendon Savings Bank (in the form of a check) were not "real money". The Defendants have filed a Motion to Dismiss Plaintiff's Complaint pursuant to Fed.R.Civ.P. 12(b)(6).

*Undisputed Facts*

1. On June 1, 1987, Plaintiff, individually and as Trustee of the Trust, and another Trustee (who also signed individually) signed a note to the Winchendon Savings Bank in the amount of $120,000, which note was secured by a mortgage for that same amount on property located on Dudley Street in Leominster, Massachusetts. The mortgage was signed by Plaintiff, as Trustee and another Trustee of the Trust which was the owner of the property.

2. On or about June 1, 1987, the Winchendon Savings Bank paid the loan proceeds to the Trust by issuing the Trust a check in the amount of $120,000.

3. On June 26, 1989, the Winchendon Savings Bank assigned the note and mortgage to the Bank.

*Discussion*

1. *Standard for Motion to Dismiss*

A motion to dismiss under Fed.R.Civ.P. 12(b)(6) should be granted only if it appears beyond doubt that Plaintiff can prove no set of facts in support of his claim which would entitle him to relief. In ruling on a motion to dismiss, the court should accept allegations of the complaint as true and draw all reasonable inferences in favor of the Plaintiff. *See Dartmouth Review v. Dartmouth College*, 889 F.2d 13, 16 (1st Cir.1989).

2. *Fraud Claims (Counts I & II)*

a. *Rule 9(b) Requirements of Particularity*

Plaintiff alleges that Defendants induced him to sign a note and mortgage by means of fraud. Plaintiff seeks recovery on the grounds of "intrinsic" and constructive fraud (it appears from Plaintiff's Complaint that by "intrinsic" he means "actual" fraud). Defendants state that Plaintiff's fraud claims must be dismissed because he has failed to state his allegations of fraud with particularity as required under the Federal Rules of

---

**1.** In the caption of his Complaint, Plaintiff refers to the Bank, Mr. Simpson, Mr. Boulay, Mr. Muise and Mr. Ronne as "Defendants" while referring to Messrs. DiNardo, Murphy and O'Connor as "Third Party Defendants". For purposes of this opinion, all of the remaining Defendants in this case and all so-called "Third

Party Defendants" shall be referred to simply as "Defendants".

**2.** Plaintiff objects to being characterized as appearing Pro-se; instead Plaintiff states that he appears "In Propria Persona–Sui Juris".

Civil Procedure. *See* Fed.R.Civ.P. 9(b). "At a minimum, [Rule 9(b)] requires that the Plaintiff allege the time, place and contents of the alleged misrepresentation, as well as the identity of the person making them." *Keith v. Stoelting, Inc.*, 915 F.2d 996, 1000 (5th Cir.1990); *see also Hayduk v. Lanna,* 775 F.2d 441, 444 (1st Cir.1985) (Rule 9 requires specificity with respect to time, place and content of an alleged false representation, but not circumstances or evidence from which fraudulent intent could be inferred). Mere allegations of fraud are "too conclusional to satisfy the particularity requirement, no matter how many times such accusations are repeated." *Hayduk,* 775 F.2d at 444; *see also Keith,* 915 F.2d at 1000 (conclusory allegations of fraud are not sufficient to state a claim). In this case, Plaintiff has alleged with particularity that the representations were made on or about June 1, 1987 and that the representations were to the effect that the Winchendon Savings Bank would pay him $120,000 in legal funds in consideration for signing the note and mortgage (when in fact, Plaintiff claims, the bank gave him a check which did not constitute legal funds). However, Plaintiff has failed to allege that any of the Defendants made fraudulent representations. In fact, Plaintiff has failed to relate any of his fraud allegations to any of these Defendants.

■ The purpose of the Rule 9(b) pleading requirements is to give defendants notice of the fraudulent claims against them. *Hayduk,* 775 F.2d at 444. Even under the most liberal reading of Plaintiff's Complaint, there are simply no supporting facts that would satisfy the Rule 9(b) pleadings requirements and thus apprise these Defendants as to what fraudulent acts they are being charged with. Therefore, I find that Counts I & II of Plaintiff's Complaint fail to satisfy the requirements of Rule 9(b).

### b. *Failure to State A Claim*

■ Defendants also allege that Counts I & II of Plaintiff's Complaint should be dismissed under Fed.R.Civ.P. 12(b)(6) for failure to state a cause of action. Under Massachusetts law, in order to sustain a claim of actual fraud based on alleged misrepresenta-

tions made by the defendant, a plaintiff must allege and prove that the defendant knowingly or unknowingly made a false statement of a material fact to the plaintiff; defendant made the statement to induce the plaintiff to act; and the plaintiff relied on the statement to his detriment. *Zimmerman v. Kent,* 31 Mass.App.Ct. 72, 575 N.E.2d 70 (1991). In order to sustain a claim for constructive fraud, a plaintiff must show that defendant "purported to speak of his own knowledge about a fact which was capable of ascertainment, and about which the [defendant] had no such knowledge and his statement was not true." *Kozdras v. Land/Vest Properties, Inc.,* 382 Mass. 34, 413 N.E.2d 1105 (1980). With respect to both actual and constructive fraud claims, a plaintiff must also allege and prove damages. In this case, applying the most liberal standard of review to Plaintiff's Complaint, Plaintiff has failed to allege the essential elements of a claim of fraud (actual or constructive) against any of the Defendants and therefore, I find that Plaintiff has failed to state a cause of action for fraud.

### c. *Statute of Limitations*

■ Under Mass.Gen.L. ch. 260, § 2A, the statute of limitations for a fraud action is three years from the date that the claim accrued (the time of injury to the plaintiff). The limitation period may be extended if the defendant has "fraudulently concealed" the cause of action from the plaintiff. Mass. Gen.L. ch. 260, § 12. In this case, all of Plaintiff's fraud allegations relate to acts which occurred on or about June 1, 1987 (the date on which Plaintiff signed the note and mortgage and received the loan proceeds). Plaintiff's claim that Defendants concealed from him the fact that he was not tendered "real money" until July of August of 1992 are disingenuous and without merit. Therefore, I find that Plaintiff's fraud claims are barred by the applicable statute of limitations.

For the reasons set forth above, I find that Counts I & II of Plaintiff's Complaint should be dismissed.

### 3. *Breach of Quasi–Oral Contract*

### a. *Failure to State A Claim*

■ Defendants allege that Count III of Plaintiff's Complaint should be dismissed un-

der Fed.R.Civ.P. 12(b)(6) for failure to state a cause of action. Under Massachusetts law, in order to sustain a cause of action for breach of contract, a plaintiff must plead and prove that the parties had an agreement supported by valid consideration; that plaintiff was ready willing and able to perform; and that plaintiff was damaged. *Singarella v. City of Boston*, 342 Mass. 385, 173 N.E.2d 290 (1961). With respect to these Defendants, applying the most liberal standard of review to Plaintiff's Complaint, Plaintiff has failed to allege the essential elements for a claim of breach of contract (indeed, Plaintiff has failed to allege *any* of the elements for breach of contract against these Defendants) and therefore, I find that Plaintiff has failed to state a cause of action for "Breach of Quasi–Oral Contract".

### b. *Statute of Limitations*

Under Mass.Gen.L. ch. 260, § 2, the statute of limitations for a contract action is six years from the date that the claim accrued (under Massachusetts law, the claim accrues at the time that the alleged breach occurred). The limitation period may be extended if the defendant has "fraudulently concealed" the cause of action from the plaintiff. Mass.Gen.L. ch. 260, § 12. In this case, all of Plaintiff's breach of contract allegations relate to acts which occurred on or about June 1, 1987 (the date on which Plaintiff signed the note and mortgage and received the loan proceeds). As was the case with his fraud claims, Plaintiff's claim that Defendants concealed from him the fact that he was not tendered "real money" until July of August of 1992 are disingenuous and without merit. Therefore, I find that Plaintiff's "Breach of Quasi–Oral Contract" claim is barred by the applicable statute of limitations.

For the reasons set forth above, I find that Count III of Plaintiff's Complaint should be dismissed.

### Conclusion

I recommend that the Motion to Dismiss Plaintiff's Complaint of Defendants, Charles R. Simpson, Dennis Boulay, Peter Muise, Quincy Savings Bank and Frank Ronne, and "Third Party Defendants", Lawrence A. DiNardo, David Murphy and Mark O'Connor (Docket No. 9) be *allowed.*

### Notice to the Parties

The parties are advised that under the provisions of Rule 3(b) of the Rules for United States Magistrates in the United States District Court for the District of Massachusetts, any party who objects to these proposed findings and recommendations must file a written objection thereto with the Clerk of this Court WITHIN 10 DAYS of the party's receipt of this Report and Recommendation. The written objections must specifically identify the portion of the proposed findings, recommendations, or report to which objection is made and the basis for such objection. The parties are further advised that the United States Court of Appeals for this Circuit has indicated that failure to comply with this rule shall preclude further appellate review by the Court of Appeals of the District Court's order entered pursuant to this Report and Recommendation. See *United States v. Valencia–Copete*, 792 F.2d 4 (1st Cir.1986); *Scott v. Schweiker*, 702 F.2d 13, 14 (1st Cir.1983), *United States v. Vega*, 678 F.2d 376, 378–379 (1st Cir.1982); *Park Motor Mart, Inc. v. Ford Motor Co.*, 616 F.2d 603 (1st Cir.1980); *see also, Thomas v. Arn*, 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985).