Brassard, J.
INTRODUCTION
Plaintiff Fred Winsmann (Winsmann), commenced this action against Choate Health Management, Inc. (Choate), James Q. Purdy (Purdy), Marlborough Hospital (Marlborough), Sunday Bernstein (Bernstein) and Advocates, Inc. (Advocates), as a result of Winsmanris termination from his position as a psychiatric screener and psychotherapist at Marlborough. Plaintiff alleges discrete claims against the varioüs defendants for: breach of contract, negligent infliction of emotional distress, defamation, handicap discrimination, and interference with contractual relationship. Marlborough now moves pursuant to Mass.R.Civ.P. 12(b)(6) to dismiss Count II of Winsmanris claim for negligent infliction of emotional distress for failure to state a claim upon which relief may be granted. Choate, Purdy, Bernstein, and Advocates move to dismiss all counts contained in Winsmanris complaint. For the following reasons the defendants’ motions to dismiss are allowed in part and denied in part.
BACKGROUND
For purposes of this motion, the facts taken in the light most favorable to the plaintiff are as follows:
Marlborough employed Winsmann as a psychiatric screener and psychotherapist between April 5, 1993, and March 10, 1995. Prior to Marlborough’s offering the plaintiff a position he was required to undergo a pre-employment physical examination. Upon discovering the plaintiffs diagnosis — Obsessive Compulsive Disorder — the hospital discussed this condition with his treating psychiatrist. In July 1994, Choate contracted with Marlborough to operate and manage the psychiatric services at the hospital.
On occasion, Marlborough would receive indigent patients in which case the defendant, Advocates, would be contacted to evaluate and screen patients for admission to state hospital institutions. On January 3, 1995, the plaintiff became involved in a disagreement with Bernstein, an employee of Advocates, over the scope of the plaintiffs responsibilities and the disposition of a patient. Subsequently, Bernstein complained to Choate, Purdy (an employee of Choate), and Marlborough, that the plaintiff had acted in an unprofessional manner. At this time the plaintiff was enrolled as a graduate student at Massachusetts School of Professional Psychology (the School), pursuing studies leading to a Doctor of Psychology degree.
After receipt of the allegations of the defendants Bernstein and Advocates, the defendant Purdy, on behalf of Marlborough and Choate, wrote to the School regarding the plaintiff alleging unprofessional conduct. Subsequently, the plaintiff was removed from his position. Shortly thereafter, the plaintiff received notice that he was being terminated due to economic circumstances.
DISCUSSION
When evaluating the sufficiency of a complaint pursuant to Mass.R.Civ.P. 12(b)(6), the court must accept as true the well pleaded factual allegations of the complaint, as well as any inferences which can be drawn therefrom in the plaintiffs favor. Eyal v. Helen Broadcasting Corp., 411 Mass. 426, 429 (1991) and cases cited. “[The] complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.” Nader v. Citron, 372 Mass. 96, 98 (1977), quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957). A complaint is not subject to dismissal if it would support relief on any theory of law. Whitinsvüle Plaza, Inc. v. Kotseas, 378 Mass. 85, 89 (1979). All inferences should be drawn in the plaintiffs favor, so as to do substantial justice. Ourfalian v. Aro MFG. Co., Inc., 31 Mass.App.Ct. 294, 296 (1991).
I. Marlborough Hospital’s Motion to Dismiss Count II of the Plaintiffs Complaint
Marlborough moves to dismiss Count II of the plaintiffs complaint for negligent infliction of emotional distress on the ground that it is barred by the exclusivity provision of the Massachusetts Workers’ Compensation Act, G.L.c. 152, §24. Common law claims are barred by G.L.c. 152, §24 only where the “plaintiff is shown to be an employee; his condition is shown to be a ‘personal injury’ within the meaning of the compensation act; and the injury is shown to have arisen ‘out of and in the course of employment.’ ” Foley v. Polaroid Corp., 381 Mass. 545, 548-49 (1980). Consequently, claims for negligent infliction of emotional distress against an employer are barred by the Workers’ Compensation Act. See Green v. Wyman-Gordon Co., 422 Mass. at 559-61 (1996). “(W]hen events occurring at work are a significant contributing cause of emotional or mental disabilities, these injuries are compensable under the Act ...” Catalano v. First Essex Savings Bank, 37 Mass.App.Ct. 377, 380-81 (1994).
*481 It is undisputed that Winsmann, at all relevant times, was an employee of Marlborough. The condition allegedly occurred during the course of his employment and is a personal injury within the protection of the Act. Accordingly, Winsmann’s allegations in Count II against Marlborough fail to state a claim upon which relief may be granted and shall be dismissed.
II. Choate Health Management, Inc. and James Purdy’s Motions to Dismiss Counts V, VI, VII, VIII, IX, and X
Choate moves to dismiss all counts against it in the plaintiffs complaint; Count V (breach of employment contract), Count VI (negligent infliction of emotional distress), Count VII (defamation), and Count VIII (handicap discrimination), for failure to state a claim upon which relief may be granted. Purdy similarly moves on Counts IX (defamation), Count X (negligent infliction of emotional distress), and Count XI (handicap discrimination). These counts will be discussed seriatim.
Count V — Breach of Contract
Choate initially argues that Winsmann’s breach of contract claim must be dismissed because Winsmann did not have a contract with Choate nor was he an intended beneficiary of Marlborough’s contract with Choate. Specifically, Choate argues that Winsmann has failed to state with any precision what the nature of any contract with Choate might have been. Winsmann maintains that his allegations in paragraphs 44 and 45 are sufficient to state a claim for breach of contract.
In order to satisfy the pleading requirements for breach of contract the “plaintiffl] must plead: (1) that the parties had an agreement supported by valid consideration; (2) that plaintiffl] [was] ready, willing and able to perform; (3) that defendant’s breach has prevented [him] from performing; and (4) that plaintiffl] [was] damaged.” Doyle v. Hasbro, Inc., 103 F.3d 186, 194 (1st Cir. 1996), citing Singarella v. City of Boston, 342 Mass. 385 (1961), and Petricca v. Simpson, 862 F.Supp. 13, 17 (D.Mass 1994). Mere allegations that Choate “breached its contractual agreement with the plaintiff’ (¶44 — Complaint), without more, are insufficient to satisfy even Massachusetts’ liberal pleadings rules. See e.g. Independence Park, Inc. v. Board of Health of Barnstable, 403 Mass. 477, 482 (1988) (stating plaintiff can withstand a motion to dismiss if he has alleged facts that entitle him to any form of relief, even if he has not alleged the correct legal theory in his complaint). While the rules do not mandate perfection “it is essential to state with ‘substantial certainty’ the facts showing the existence of the contract and the legal effect thereof.” Doyle v. Hasbro, 103 F.3d at 194-95, quoting Pollock v. New England Tel. & Tel. Co., 289 Mass. 255 (1935).
Winsmann fails to state the nature of the alleged contract with any specificity. The complaint does not allege the terms, duration or time of formation of the alleged contract. Nor does the complaint explain what obligations were imposed on the parties. The plaintiff maintained at oral argument and in opposition to Choate’s motion to dismiss that “the allegation will be tested by discovery” and that he has not, as yet, had an opportunity to explore the interrelationship of the entities. The plaintiff, however, is bound by the factual allegations of his complaint and he cannot present evidence that contradicts his pleadings. The conclusory statements contained in Winsmann’s complaint are insufficient to satisfy the pleading requirements. Consequently, Count V of the plaintiffs complaint against Choate shall be dismissed.
Counts VII & IX; Choate & Purdy — Defamation
Winsmann alleges that Choate and Purdy defamed him by publishing correspondence that was false and defamatory. Choate and Purdy maintain that these claims should be dismissed because they are based on communications that are privileged as a matter of law. Specifically, the defendants maintain that in the employment context, any statements are protected if the publisher of the statement and the person who receives the statement have a common interest.
In order to prevail on a claim for defamation, a plaintiff must prove that there was a “false and defamatory written communication of and concerning the plaintiff’ which was published. McAvoy v. Shufrin, 401 Mass. 593, 597 (1988); Arsenault v. Allegheny Airlines, Inc., 485 F.Supp. 1373, 1378 (D.Mass. 1980) (there must be a publication of the defamatory remark). “A publication is defamatory when it tends to injure one’s reputation in the community and expose him to hatred, ridicule, and contempt.” Brauer v. The Globe Newspaper Co., 351 Mass. 53, 55-56 (1966) (citations omitted). “An imputation of crime is defamatory per se." Jones v. Taibbi, 400 Mass. 786, 792 (1987).
It is well established that “a person may possess a conditional privilege to publish defamatory material if the publication is reasonably necessary to the protection or furtherance of a legitimate business interest.” Bratt v. International Business Machines Corp., 392 Mass 508, 512-13 (1984) (citations omitted). Such a privilege may be lost by “unnecessary, unreasonable or excessive publication of the defamatory matter.” Id. at 515-16. Consequently, an employer can lose this privilege only if the plaintiff proves that the disclosure resulted from an expressly malicious motive, was recklessly disseminated, or involved a reckless disregard for truth or falsity of the information. Id. It is similarly well established that “an employee of a company enjoys a qualified privilege to make disparaging comments about the performance of an employee of another company with which the first company has a business relationship in so far as the comments are relevant to that relationship.” Humphrey v. National Semiconductor Corp., 18 Mass.App.Ct. 132, 133 (1984).
*482 The burden is upon the defendants to show facts which create the qualified privilege. Id. at 134, citing Bander v. Metropolitan Life Ins. Co., 313 Mass. 337, 343 (1943). Once the defendants establish their qualified privilege the burden then shifts back to the plaintiff to prove that the privilege has been abused. Humphrey, 18 Mass.App.Ct. at 134, citing Retailers Commercial Agency, Inc., petitioner, 342 Mass. 515, 520 (1961).
This court is confined to evaluating the sufficiency of the complaint. In order for the defendants to show facts which create the qualified privilege, additional materials containing relevant, factual information, would need to be considered. This is not the proper vehicle to attack the plaintiffs defamation claims. See generally Reardon v. Comm'r of Correction, 20 Mass.App.Ct. 946, 947 (1985) (“a rule 12(b)(6) motion is ordinarily not the proper vehicle for testing the factual sufficiency of plaintiffs claims"; a motion for summary judgment is more appropriate). Consequently, Counts VII and IX will not be dismissed.
Counts VI & X; Choate & Purdy — Negligent Infliction of Emotional Distress
Winsmann alleges that Choate and Purdy, by their actions, negligently inflicted serious and permanent physical, mental and emotional distress and injury. The defendants argue that the plaintiffs claims are predicated upon his defamation claims and consequently should fail. As indicated supra, plaintiff has adequately stated a claim for defamation. In order to adequately sustain a claim for negligent infliction of emotional distress the plaintiff must allege (1) negligence; (2) emotional distress; (3) causation; (4) physical harm manifested by objective symptomatology; and (5) that a reasonable person would have suffered emotional distress under the circumstances of the case. Payton v. Abbott Labs., 386 Mass. 540, 557 (1982). The plaintiff has stated each of the above elements in his complaint sufficiently to withstand Choate and Purdy’s motions to dismiss.
Counts VIII & XI; Choate & Purdy — Employment Discrimination
G.L.c. 151B, §4, provides in pertinent part: “It shall be an unlawful practice ... [f] or any employer, personally or through an agent to dismiss from employment ... or otherwise discriminate against, because of his handicap, any person alleging to be a qualified handicapped person, capable of performing the essential functions of the position involved with reasonable accommodation, unless the employer can demonstrate that the accommodation required to be made to the physical or mental limitations of the person would impose an undue hardship on the employer’s business.”
G.L.c. 151B, §9 provides in part: “the provisions of this chapter shall be construed liberally for the accomplishment of the purposes thereof...”
To establish a prima facie case of unlawful discrimination on the basis of handicap pursuant to G.L.c. 15 IB, a plaintiff who has been terminated from employment must show that: “(1) he suffers from a handicap; (2) he is a ‘qualified handicapped person’; and (3) he was fired solely because of his handicap.” Labonte v. Hutchins & Wheeler, 424 Mass. 813, 821 (1997), citing Garrity v. United Airlines, Inc., 421 Mass. 55, 60 (1995); Cox v. New England Tel. & Tel. Co., 414 Mass. 375, 383 (1993). Once the plaintiff establishes a prima facie case, the burden shifts to the defendants to offer a legitimate nondiscriminatoiy reason for their action. Labonte, 424 Mass. at 821.
Choate argues that Count VIII should be dismissed as it merely contracted with Marlborough to provide management and psychiatric services. Where two parties share control over an individual’s employment, however, they may be considered joint employers and held jointly and severally liable for violations of G.L.c. 151B. Stanley v. Gillette Co., 2 Mass. Discrim. L. Rept. 1203, 1205 (1980), citing Boire v. Greyhound Corp., 376 U.S. 473, 481 (1964) (whether the company possessed sufficient indicia of control to be an employer is essentially a factual issue). Such a determination is inappropriate at this stage of the proceedings. It remains to be seen whether Choate exercised sufficient control over the employment of Winsmann to be categorized as an employer under G.L.c. 151B. This determination involves an examination of the amount of control the employer has over the employee’s work and whether the employer has authority to discharge the employee.
Purdy similarly argues that Count XI should be dismissed as he was not Winsmann’s employer nor did he work for Marlborough. Specifically, Purdy argues that there is no liability for a supervisor under G.L.c. 151B. As support for this contention Purdy points to the paucity of Massachusetts decisions holding that employees may be held liable for employment discrimination under G.L.c. 151B. Under Title VII, Purdy argues, ten of the eleven federal courts of appeal which have addressed the issue have held that individuals do not qualify as employers under Title VII. In interpreting G.L.c. 151B, the court may look to the interpretation of Title VII of the analogous federal statute for guidance; however, federal cases are not binding. College-Town, Division of Interco, Inc. v. Massachusetts Commission Against Discrimination, 400 Mass. 156, 163 (1987).
Title VII and the decisions construing it are not determinative of the questions presented in this case; rather the issue presented is purely one of the interpretation of a Massachusetts statute . . . While interpretations of a Federal statute which is similar to the State statute under consideration are often helpful in setting forth all the various policy considerations, such interpretations are not binding on a State court construing its own State statute. Id. at 163-64 (citations omitted).
*483 As the federal circuits reflect, there is controversy over whether a supervisor or employee may be held liable personally as the agent of the employer.
Several provisions of G.L.c. 151B provide that it shall be an unlawful practice for any person to aid or abet discrimination, to engage in retaliation, or to coerce threaten or interfere with another person’s enjoyment of any right granted by the anti-discrimination laws. G.L.c. 151B, §§4(4), 4(4A), 4(5). The Supreme Judicial Court has not yet delineated the evidentiaiy standard necessary to demonstrate liability. See Harmon v. Malden Hospital, 19 Mass. Discrim. L. Rept. 157 (1997). It is clear, from a plain reading of the statute, that its terms apply not only to employers acting through their principals and agents, but also to any person who aids and abets discriminatory conduct. Ruffino v. State Street Bank & Trust Co., 908 F.Supp. 1019 (D.Mass. 1995). This court declines to adopt Purdy’s argument in favor of dismissal. By alleging in Count XI that Purdy “knew . . . that the plaintiff was a person with a diagnosed impairment of Obsessive Compulsive Disorder [and] ... [a] s a result of this knowledge . . . discriminated against the plaintiff by removing him from his position” and subsequently terminating him, Winsmann adequately states a claim under G.L.c. 151B for discrimination. A general reading of Count XI states a claim for aiding and abetting by a person under G.L.c. 151B.
This court finds that the wording of the statute is sufficiently broad to encompass Purdy and Choate. Consequently, at this stage, dismissal of the discrimination claim is inappropriate. See generally Chapin v. University of Massachusetts at Lowell, 977 F.Supp. 72 (D.Mass. 1997) (statute intended to broaden not narrow rights of employees). The plaintiff has stated a cognizable claim and Counts VIII and IX shall not be dismissed.
III. Advocates Inc., and Sunday Bernstein’s Motions to Dismiss Counts XII, XIII, XIV, and XV
Advocates move to dismiss all counts against it in the plaintiffs complaint; Count XII (defamation), Count XIII (negligent infliction of emotional distress), and Count XIV (interference with contractual relationship). Bernstein moves to dismiss both Count XV (defamation), and Count XVI (negligent infliction of emotional distress).
Winsmann alleges that Advocates and Bernstein defamed him by publishing correspondence that was false and defamatory. Advocates and Bernstein maintain that these claims should be dismissed because they are based on communications that are privileged as a matter of law. Specifically, the defendants maintain that in the employment context, any statements are protected if the publisher of the statement and the person who receives the statement have a common interest.
As stated previously, the burden is upon the defendants to show facts which create the qualified privilege. Id. at 134, citing Bander v. Metropolitan Life Ins. Co., 313 Mass. 337, 343 (1943). Once the defendants establish their qualified privilege the burden then shifts back to the plaintiff to prove that the privilege has been abused. Humphrey, 18 Mass.App.Ct. at 134, citing Retailers Commercial Agency, Inc., petitioner, 342 Mass. 515, 520 (1961).
This court is confined to evaluating the sufficiency of the complaint. In order for the defendants to show facts which create the qualified privilege, additional materials containing relevant, factual information, would need to be considered. This motion is not the proper vehicle to attack the plaintiffs defamation claims. In order to adequately sustain a claim for negligent infliction of emotional distress the plaintiff must allege (1) negligence; (2) emotional distress; (3) causation; (4) physical harm manifested by objective symptomatology; and (5) that a reasonable person would have suffered emotional distress under the circumstances of the case. Payton v. Abbott Labs., 386 Mass. 540, 557 (1982). The plaintiff has stated each of the above elements in his complaint sufficiently to withstand Advocates’ and Bernstein’s motions to dismiss.
Consequently, Advocates’ and Bernstein’s motions to dismiss the defamation and negligent infliction of emotional distress claims shall be denied.
Count XIV; Interference with Contractual Relationship
“In an action for intentional interference with a contract, the plaintiff must prove that (1) he had a contract with a third party, (2) the defendant knowingly induced the third party to break that contract, and (3) the plaintiff was harmed by the defendant’s action.” United Truck Leasing Corp. v. Geltman, 406 Mass. 811, 812 (1990); G.S. Enterprises, Inc. v. Falmouth Marine, Inc., 410 Mass. 262, 272 (1991).
Advocates cites Judd v. McCormack, 27 Mass.App.Ct. 167 (1989), as support for its motion to dismiss this claim. The Appeals Court held in Judd however, that even though the plaintiffs claim was “one for intentional interference with an advantageous relationship, it [was] based upon what [the plaintiff alleged] to be defamatory, or false and malicious, statements.” Id. at 174. The statements were held to be nonactionable statements of opinion and consequently the plaintiffs claim failed. This is not the case here. In Count XIV of his complaint, Winsmann asserts that Advocates improperly interfered with his contract with Marlborough and Choate thereby causing him to suffer physically, mentally and emotionally. Even if Winsmann’s allegation of interference with contractual relationship was based solely on the alleged defamatory statements, such claims, in the present case, have survived Advocates’ motion to dismiss.
*484 ORDER
For the reasons set forth above, the Court hereby ORDERS:
(1) Marlborough Hospital’s motion to dismiss Count II is ALLOWED. (2) Choate Health Management, Inc.’s motion to dismiss is ALLOWED as to Count V and DENIED as to Counts VI, VII and VIII.
(3) James Purdy’s motion to dismiss Counts IX, X and XI is DENIED.
(4) Advocates Inc.’s motion to dismiss Counts XII, XIII, and XIV is DENIED.
(5) Sunday Bernstein’s motion to dismiss Counts XV and XVI is DENIED.