Botsford, J.
This action arises out of allegations by the plaintiff that her termination from defendants’ periodontic practice, Perico, Inc. (Perico), constituted age discrimination in violation of G.L.c. 151B, §4(1B). The plaintiff brought this action against the corporate defendant and the five individually named current and former shareholders of Perico. The individually named defendants now move to dismiss all claims pursuant to Mass.R.Civ.P. 12. For the reasons below, the defendants’ motion to dismiss is allowed without prejudice.
BACKGROUND
The complaint contains the following allegations, which I accept as true for purposes of this motion. Kathleen Hennessy was employed by Perico as a front desk manager from September 14,1987 until January 12, 1996. (Complaint 19.) On January 12, 1996, Ms. Hennessy was terminated from her employment as front desk manager for Perico, a periodontist practice. (Complaint 125.) Perico is a professional corporation organized under the laws of Massachusetts. (Complaint 12.) The complaint alleges that individual periodontists, defendants Dr. Myron Nevins, Dr. Gary M. Reiser, Dr. Roger J. Wise and Dr. James J. Hanratiy are or have been partners of Perico. (Complaint 113-7.)
At the time of Ms. Hennessy’s termination, she was over forty years of age. (Complaint 114.) Ms. Hennessy was therefore a member of a protected class under G.L.c. 151B, §4(1B). (id.)
*280 DISCUSSION
When evaluating the sufficiency of a complaint pursuant to Mass.R.Civ.P. 12(b)(6), the court must accept as true the well-pleaded factual allegations and any inferences that can be drawn in the plaintiffs favor from the complaint. Fairneny v. Savogram Co., 422 Mass. 469, 470 (1996); Eyal v. Helen Broadcasting Corp., 411 Mass. 426, 429 (1991). “[The] complaint should not be dismissed for failure to state a claim unless It appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.” Nader v. Citron, 372 Mass. 96, 98 (1977), quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957).
The individual defendants claim they are entitled to dismissal of all claims against them on the grounds that they are not subject to suit under G.L.c. 151B, §4(1B) because they are not employers. I agree that §4(1B) authorizes suit against an employer and not against individual employees. Plaintiff, however, contends that the individually named defendants are aiders and abettors. General Laws c. 151B, §4(5) states that it is unlawful for “any person, whether an employer or an employee ... to aid, abet, incite, compel or coerce the doing of any acts forbidden under this chapter or to attempt to do so.” While the Supreme Judicial Court has not yet addressed this issue, two recent Superior Court decisions conclude that individual employees and a corporate “employer” may indeed be liable as alders and abettors. Winsmann v. Choate Health Management, Inc., Civil No. 97-6561, 8 Mass. L. Rptr. 480 (Super. Ct. May 29, 1998). Ladd v. Everett Savings Bank, Civil No. 973690, 8 Mass. L. Rptr. 17 (Middlesex Super. Ct. January 5, 1998). I agree with the reasoning of those decisions, and conclude, therefore, that the individual defendants may be sued individually for aiding and abetting the defendant corporation Perico.[2]
The plaintiffs complaint, however, even with notice pleading as the standard, does not allege sufficient facts to raise a claim of aiding and abetting on the part of any of the individual defendants. Therefore, dismissal of the complaint is appropriate, but it is without prejudice to plaintiffs filing an amended complaint within thirty days. The amendment must set out any facts concerning the role played by each of the individual defendants as an aider or abettor.
ORDER
For the foregoing reasons, the defendants’ motion to dismiss is ALLOWED without prejudice to plaintiffs serving and filing an amended complaint within thiriy days.

 Defendants argued at the hearing on this motion that the cited Superior Court cases on aider and abettor liability apply only in the context of sexual harassment claims. It is true that Ladd involved a sexual harassment claim, but nothing in the decision restricted aider and abettor liability to a sexual harassment claim. Ladd v. Everett Savings Bank, supra Civil No. 973690,8 Mass. L. Rptr. 17 (Middlesex Super. Ct. January 5,1998). The plaintiff in Winsmann alleged handicap discrimination, not sexual harassment. Winsmann v. Choate Health Management, Inc., supra, Civil No. 97-6561, 8 Mass. L. Rptr. 480 (Super. Ct. May 29, 1998).