Revaz v. Fleet                    CV-96-379-M    04/07/97

UNITED STATES DISTRICT COURT

DISTRICT OF NEW HAMPSHIRE


Suzanne Y. Revaz, Individually and as
     Co-Trustee of the Frederic E. Revaz
     Revocable Trust and Jacqueline White

     v.                                        Civil No. 96-379-M

Fleet, N.H., formerly Shawmut Bank, N.A.,
     Fred Edward Revaz, and Anna Revaz


**O R D E R**


Defendants Fred and Anna Revaz move to dismiss Count VI of Plaintiffs' Second Amended Complaint that alleges breach of contract for failure to repay loans resulting in the depletion of the family trust.  For the reasons that follow, defendants' motion is denied.

A motion to dismiss under Fed. R. Civ. P. 12(b)(6) is one of limited inquiry, focusing not on "whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims."  Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).  In considering a motion to dismiss, the court accepts "all well-pleaded factual averments and indulg[es] all reasonable inferences in the plaintiff[s'] favor."  Aulson v. Blanchard, 83 F.3d 1, 3 (1st Cir. 1996).  The court is limited to the factual allegations included in the amended complaint, however.  Doyle v. Hasbro, Inc., 103 F.3d 186, 190 (1st Cir. 1996).  Materials outside of the complaint may not be considered on a motion to dismiss unless the materials are referred to in the complaint, are central to the claim, and their authenticity

is undisputed.  See Fed. R. Civ. P. 12(b) and Watterson v. Page, 987 F.2d 1, 3 (1st Cir. 1993).

Defendants contend that plaintiffs' breach of contract claim must be dismissed because it fails to allege the existence of a valid loan agreement or the terms of repayment.  In support of their assertion, defendants point to the elements of a breach of contract claim under Massachusetts law.  In response, plaintiffs argue, without citation to legal authority, that their amended complaint, supported by materials submitted with their objection to the motion to dismiss, states a viable breach of contract claim.

If Massachusetts law is controlling, plaintiffs' allegations of breach of contract are likely sufficient to survive dismissal. With inferences taken in their favor, plaintiffs allege that if Fred Revaz's use of trust funds was pursuant to a loan from his father, the terms of the agreement were as follows: his father agreed to loan the money; Fred agreed to repay the loan with interest; and Fred breached the agreement by failing to repay the loan as he promised.  See Petricca v. Simpson, 862 F. Supp. 13, 17 (D. Mass. 1994) ("Under Massachusetts law, in order to sustain a cause of action for breach of contract, a plaintiff must plead and prove that the parties had an agreement supported by valid consideration; that plaintiff was ready willing and able to perform; and that plaintiff was damaged." Citing Singarella v. City of Boston, 173 N.E.2d 290 (Mass. 1961)).

2

Deficiencies in the motion to dismiss and response preclude resolution of defendants' motion to dismiss on the merits, however. Once again, the parties have not addressed the choice-of-law issue that underlies this case (which the court brought to the attention of the parties in its order of November 12, 1996). The court declines to unilaterally resolve the choice-of-law issue for the parties. In addition, plaintiffs have submitted materials with their objection, and without explanation, that are not apparently appropriate for consideration on a motion to dismiss. The court also notes that plaintiffs have not alleged the basis upon which they assert individual rights to recover damages for breach of contracts allegedly made between Frederick Revaz, now deceased, and his son, defendant Fred Revaz.

To avoid ruling based upon assumptions about the controlling law without benefit of full briefing, and to allow the parties to address these legal issues as well as the potential factual issues raised by the additional materials submitted by plaintiffs, the court denies defendants' motion to dismiss without prejudice to filing a properly supported dispositive motion, preferably one for summary judgment addressing the questions raised here.

**SO ORDERED.**

_____
Steven J. McAuliffe
United States District Judge

April 7, 1997

cc:  David P. Cullenberg, Esq.
     Lawrence M. Edelman, Esq.
     Diane R. Bech, Esq.

4