**Joseph KEANE, Plaintiff**

v.

**Anthony NAVARRO, et. al.   Defendant.**

**No. CIV.A. 03–CV–10154.**

United States District Court,
D. Massachusetts.

Sept. 30, 2004.

---

Thomas Vincent DiGangi, Attorney General's Office, Boston, MA, for Committee for Public Counsel Services, Anthony Navarro, John Sousa, Regina Dembrowski, Robert Nelson, Defendants.

## MEMORANDUM & ORDER

GORTON, District Judge.

This civil action concerns a physical altercation and its aftermath. Plaintiff Joseph Keane ("Keane") seeks damages from court officers Anthony Navarro ("Navarro") and John Sousa ("Sousa"), Attorney Robert Nelson ("Attorney Nelson"), the Committee for Public Services ("CPCS"), and CPCS employees Regina Dembrowski ("Dembrowski") and William Leahy ("Leahy"). All defendants except Attorney Nelson now move to dismiss.

### I. *Factual Background*

The following facts are set forth as alleged in the complaint (Docket No. 3). Keane is a licensed attorney in the Commonwealth of Massachusetts. On September 27, 1999 at 12:30 P.M. Keane entered the clerks office of Peabody District Court in order to file an appeal. An employee refused to accept Keane's filing. Keane protested and the employee directed Keane to speak with a "clerk magistrate" in a second floor courtroom.

Keane proceeded to the courtroom and found it empty. As he left the courtroom, Officer Navarro approached, grabbed Keane by the shoulder and escorted him downstairs. At the bottom of the stairs Navarro allegedly "attacked" Keane, injuring his ankle. Officer Sousa appeared and both officers "dragged Keane approximately thirty feet into a cell".

Keane was held for three hours and then was seen by a doctor. The doctor gave Keane an ice pack and an aspirin. Keane was released and visited the Salem Hospital later that day.

Keane was criminally prosecuted in West Roxbury District Court for his role in the incident. He appeared *pro se,* was declared indigent, and CPCS Attorney Nelson was appointed to represent him. It appears that Attorney Nelson, in the interest of preserving Keane's license to practice law, advised Keane to make factual admissions about the incident. Keane took the advice and was sentenced to six months probation.

At some point during the criminal proceeding, the court granted a motion by Keane to compel CPCS to pay Keane's expenses for service of process and secretarial services. Apparently, CPCS refused to pay the full amount of those expenses.

Keane filed the present suit in October, 2003. The complaint contains eight counts. Counts I through IV seek damages from Navarro and Sousa, apparently under 42 U.S.C. § 1983. They are entitled: 1) 42 U.S.C. § 1983, 2) Article XIV of the Massachusetts Declaration of Rights, 3) assault and battery, and 4) false arrest and illegal imprisonment, respectively. Count V (denial of right to a fair trial) and count VIII (legal malpractice) are asserted against CPCS. Counts VI and VII are asserted against Attorney Nelson and thus are not at issue here. Dembrowski and Leahy are not named in any counts of the complaint.

Navarro, Sousa, CPCS, Dembrowski and Leahy now move to dismiss on grounds of the statute of limitations, sovereign immunity and failure to state a claim upon which relief can be granted (Fed. R.Civ.P. 12(b)(6)).

## II. *Legal Analysis*

### A. **Standard of Review**

A court may not dismiss a complaint for failure to state a claim under Fed.R.Civ.P. 12(b)(6) "unless it appears, beyond doubt, that the [p]laintiff can prove no set of facts in support of his claim which would entitle him to relief." *Judge v. City of Lowell,* 160 F.3d 67, 72 (1st Cir.1998)(quoting *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)). In considering the merits of a motion to dismiss, the court may look only to the facts alleged in the pleadings, documents attached as exhibits or incorporated by reference in the complaint and matters of which judicial notice can be taken. *Nollet v. Justices of Trial Court of Mass.,* 83 F.Supp.2d 204, 208 (D.Mass.2000) *aff'd,* 248 F.3d 1127 (1st Cir. 2000). Furthermore, the court must accept all factual allegations in the complaint as true and draw all reasonable inferences in the plaintiff's favor. *Langadinos v. American Airlines, Inc.,* 199 F.3d 68, 69 (1st Cir.2000). If the facts in the complaint are sufficient to state a cause of action, a motion to dismiss the complaint must be denied. *See Nollet,* 83 F.Supp.2d at 208.

### B. **Analysis**

#### 1. *Counts I, II, III and IV against Navarro and Sousa*

Keane seeks damages from Navarro and Sousa under 42 U.S.C. § 1983 for injuries resulting from their actions on September 27, 1999. Keane filed the present action on October 23, 2003, more than four years after the incident. Navarro and Sousa argue that the claims against them are time barred.

█ Section 1983 does not contain a statute of limitations. *McIntosh v. Antonino,* 71 F.3d 29, 33 (1st Cir.1995). A federal court adjudicating a § 1983 claim borrows the applicable limitations period from the forum state. *Id.* Massachusetts prescribes a three-year limitations period for personal injury actions. *Id.* (citing M.G.L. c. 260 § 2A). Keane apparently concedes

in his opposition papers that three years is the applicable limitations period.

■ A § 1983 claim accrues when the plaintiff "knows or has reason to know, of the injury on which the action is based." *Rivera–Muriente v. Agosto–Alicea,* 959 F.2d 349, 353 (1st Cir.1992). In this case, Keane claims that he was physically assaulted and sustained immediate injuries. At that time, Keane had been an attorney for 13 years. It is thus clear that Keane's claim accrued on September 27, 1999. Accordingly, his claims are time barred. M.G.L. c. 260 § 2A.

■ In an effort to forestall dismissal, Keane argues that there should be an equitable tolling of his claim because a "related" claim is pending in state court. Equitable tolling is to be "used sparingly" where facts have been concealed or the plaintiff affirmatively misled. *See Shafnacker v. Raymond James & Associates, Inc.,* 425 Mass. 724, 683 N.E.2d 662, 666 (1997). Such is not the case here where plaintiff, an attorney, was immediately aware of his injuries.

Moreover, the Court fails to comprehend how a state court proceeding would prevent a litigant from also timely filing in federal court. *See id.* (explaining that the proper course of action would be to file in federal court and then move for an appropriate stay of proceedings). Under the circumstances, because Keane's claims against Navarro and Sousa are barred by the statute of limitations, it is unnecessary for the Court to consider the other grounds for dismissal proffered by them.

### 2. Counts v. and VIII against CPCS

CPCS has moved to dismiss Count V (denial of right to a fair trial) and Count VIII (legal malpractice) on grounds of sovereign immunity. Keane, in his opposition papers, concedes that those counts should be dismissed. Accordingly, CPCS's motion to dismiss will be allowed.

### 3. Counts V and VIII against Leahy and Dembrowski

■ The complaint refers to Leahy and Dembrowski by name as employees of CPCS (and names them as defendants in the lawsuit) but alleges no counts against them. Leahy and Dembrowski have moved to dismiss for failure to state a claim upon which relief can be granted.

Keane attempts to respond by making new allegations in his opposition memorandum with respect to Leahy and Dembrowski. On a motion to dismiss, however, the Court confines itself to the allegations of the complaint. *Nollet* v. *Justices of Trial Court of Commonwealth of Massachusetts,* 83 F.Supp.2d at 208. Accordingly, the motion to dismiss under Fed.R.Civ.P. 12(b)(6) will be allowed as to Leahy and Dembrowski.[1]

### ORDER

Based upon and in accordance with the foregoing, the motion to dismiss of Navarro, Sousa, CPCS, Leahy, and Dembrowski (Docket No. 10) is **ALLOWED**. Defendants have requested a hearing but under the circumstances that is deemed unnecessary.

**So ordered.**

---

1. The Court does not reach defendants' alternative ground for dismissal based on sovereign immunity, but plaintiff is cautioned to consider it before any contemplated re-filing.