Count II-Discrimination under the Civil Rights Act
Plaintiff alleges that defendants systematically discriminated against scientists on the basis of race, religion and national origin in violation of the Civil Rights Act, 42 U.S.C. § 1981.[1] Defendants submit that the amended complaint fails to plead the necessary elements of a civil rights claim.
Section 1981, originally § 1 of the Civil Rights Act of 1866, protects the equal right of all citizens to "make and enforce contracts". See Domino's Pizza Inc., v. McDonald, 546 U.S. 470, 474, 126 S.Ct. 1246, 163 L.Ed.2d 1069 (2006) (quoting 42 U.S.C. § 1981(a) ). Section 1981"can be violated only by purposeful discrimination." Gen. Bldg. Contractors Ass'n, Inc. v. Pennsylvania, 458 U.S. 375, 391, 102 S.Ct. 3141, 73 L.Ed.2d 835 (1982).
Plaintiff's amended complaint is insufficient to state a cause of action under § 1981. He relies on a "statistical analysis"
*373 he allegedly performed by comparing the names of authors who were reclassified with the names of those who were not. Further, he states that he
was discriminated [against] because his name was taken to be Muslim because it carries the same two first letters as Al Qaeda.
Such allegations, considered separately or together, are insufficient to state a claim under § 1981.
Plaintiff alleges that he performed a "statistical analysis" of reclassified and non-reclassified articles on arXiv showing
with a 99.99% certainty [that] Brown Persons, Muslims, Easter (sic) Europeans and Indians were systematically discriminated [against].
Without any explanation as to how plaintiff identified persons as belonging to one of the described groups, the allegation is frivolous. Even if the claim were true, however, it would sound in discriminatory impact, not discriminatory intent, and would not state a claim under § 1981.
His allegation bearing upon the first two letters of his name is not only untenable but also the kind of "threadbare recital[ ] of the elements of a cause of action, supported by mere conclusory statements" that does not suffice to state a claim for relief. See Iqbal, 556 U.S. at 678, 129 S.Ct. 1937.
Plaintiff's § 1981 claim is dismissed for failure to state a claim upon which relief can be granted.
Count III-Violation of the Sherman Antitrust Act
Plaintiff alleges that arXiv exerted monopoly power over him, a "supplier" in the "market of ideas", in violation of the Sherman Act. Defendant contends that plaintiff lacks antitrust standing and fails to state an antitrust claim.
The Sherman Act prohibits
[e]very contract, combination in the form of trust or otherwise, or conspiracy, in restraint of trade or commerce among the several States, or with foreign nations.
15 U.S.C. § 1.
To state a claim under § 1, a plaintiff must plead facts plausibly alleging that defendant acted as part of a conspiracy, agreement or arrangement. Gilbuilt Homes, Inc. v. Cont'l Homes of New England, a Div. of Wylain, Inc., 667 F.2d 209, 210 (1st Cir. 1981). Plaintiff alleges that arXiv suppresses certain individuals "from distributing their ideas to curtail competition for government funding". Even assuming that the Court accepts that assertion, plaintiff's allegations do not support the conclusion that defendant engaged in a common design, conspiracy or agreement to do a wrongful act. Accordingly, plaintiff has failed to state a claim under § 1 of the Sherman Act.
Section 2 of the Sherman Act makes it illegal to
monopolize, or attempt to monopolize, or combine or conspire with any other person or persons, to monopolize any part of the trade or commerce among the several States, or with foreign nations.
15 U.S.C. § 2.
To state a monopolization claim under § 2, a plaintiff must adequately allege that defendant (1) has monopoly power in the relevant market and (2) has engaged in illicit "exclusionary practices" with "the design or effect of protecting or enhancing its monopoly position." Sterling Merch., Inc. v. Nestle, S.A., 656 F.3d 112, 125 (1st Cir. 2011) (quoting *374 Coastal Fuels of P.R., Inc. v. Caribbean Petroleum Corp., 79 F.3d 182, 195 (1st Cir. 1996) (internal citation omitted)).
Plaintiff offers that the market was "clearly defined" in his amended complaint where he alleges that
arXiv is not just a eprint or preprint archive, it is also a choke that scientists have to overcome in order to publish.
The statement is not one of fact but rather an unsubstantiated conclusion. The global "market for ideas" is not a clearly defined market. Furthermore, when determining if a complaint sufficiently pleads the existence of a monopoly in a market, district courts require specific economic data such as defendant's market share, market trends, entry barriers, geographic market and the defendant's economic power in that market. See CCBN.Com, Inc. v. Thomson Fin., Inc., 270 F.Supp.2d 146, 157 (D. Mass. 2003). Plaintiff fails to plead facts demonstrating that arXiv had a monopoly or a dangerous probability of achieving one, even were the Court to accept that the global market for ideas is sufficiently defined.
Defendants' motion to dismiss plaintiff's claim under sections 1 and 2 of the Sherman Act for failure to state a claim upon which relief can be granted will be allowed.
Count IV-Violation of the False Claims Act
Plaintiff alleges that arXiv's suppression of certain research defrauded NASA, the Department of Energy and other government organizations that award grant funding by benefitting the subpar work of Cornell researchers. Defendants respond that plaintiff has failed to comply with the notification and filing requirements of the False Claims Act and that plaintiff's claims are too general to satisfy Fed. R. Civ. P. 9(b).
The False Claims Act makes
any person who knowingly presents, or causes to be presented, a false or fraudulent claim for payment or approval ... liable to the United States government.
31 U.S.C. § 3729(a)(1).
Because False Claims Act actions sound in fraud, they are governed by heightened pleading standard of Federal Rule of Civil Procedure 9(b). Lawton ex rel. United States v. Takeda Pharm. Co., Ltd., 842 F.3d 125, 130 (1st Cir. 2016). That rule provides that in alleging fraud, "a party must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). The First Circuit Court of Appeals ("First Circuit") has repeatedly explained that relators must "set forth with particularity the who, what, when, where, and how of the alleged fraud". Lawton, 842 F.3d at 130 (quoting United States ex rel. Ge v. Takeda Pharm. Co., Ltd., 737 F.3d 116, 123 (1st Cir. 2013) ) (additional citation omitted).
Plaintiff has failed to provide that particularity. The defendants must be engaged in fraud, plaintiff opines, because "a professor cannot be a professor at Cornell unless he has won grants". This kind of res ipsa loquitur allegation fails to satisfy Rule 9(b)'s heightened pleading requirement.
Defendants' motion to dismiss plaintiff's False Claims Act count for failure to satisfy Rule 9(b) will be allowed. Given the plaintiff's failure to satisfy Rule 9, the Court need not address his notification and filing deficiencies.
Count V-Breach of Contract
Plaintiff contends that that he entered into a contract with arXiv in October, 2015, when he submitted one of his papers to it. Defendants breached the contract, plaintiff maintains, by 1) failing to provide specific grounds for the article's rejection, 2) reclassifying the article from the prestigious "hep-th" label to the underwhelming *375 "physics.gen-ph" tag, and 3) not providing an arXiv ID for the paper in a "typical time". Defendant responds that plaintiff's submission merely constituted an offer, that no contract was consummated, that no breach occurred and that plaintiff's alleged harms are outside the bounds of legally-cognizable contract damages.
Even if a contract had been formed and plaintiff had properly alleged damages, the complaint fails to allege that the contract was materially breached.
Under Massachusetts law, a plaintiff asserting breach of contract must demonstrate that (1) an agreement was made between plaintiff and defendant that was supported by consideration, (2) plaintiff was ready, willing and able to perform, (3) defendant failed to perform a material obligation provided for in the contract and (4) plaintiff suffered harm caused by defendant's failure to perform. Coady Corp. v. Toyota Motor Distributors, Inc., 346 F.Supp.2d 225, 248 (D. Mass. 2003), aff'd, 361 F.3d 50 (1st Cir. 2004) (citing Singarella v. City of Boston, 342 Mass. 385, 387, 173 N.E.2d 290 (1961) ). A breach of contract is material "when it involves an essential and inducing feature of the contract." EventMonitor, Inc. v. Leness, 473 Mass. 540, 546, 44 N.E.3d 848 (2016) (citations omitted) (internal quotation omitted).
Plaintiff asserts that arXiv materially breached its promise to
follow the moderation procedure with integrity and if successful to exhibit and distribute plaintiff's scientific article. If not, to provide a reason so that author could address it and resubmit it once resolved.
Accepting plaintiff's factual allegations as true, the amended complaint fails to allege that arXiv deviated from its moderation procedure. That procedure provides several potential reasons for removal of an article, including inappropriate format, inappropriate topic, duplicated content, submission of copyrighted material and excessive submission rate.
When arXiv rejected Aldabe's paper, it did so with the explanation that the paper was "in need of significant review and revision." Plaintiff thus was given a reason for the rejection and Aldabe admits that arXiv was entitled to reject or remove articles for being in an "inappropriate format". The arXiv website defines "inappropriate format" to include "papers in need of significant review and revision." According to plaintiff's own allegations, then, no material breach of a contract occurred.
Plaintiff also includes alleged breaches of terms that do not exist in the on-line agreement. He alleges that arXiv promised to "state with good reason" why an article lacks scientific quality. He further claims that arXiv breached its agreement by not providing an arXiv ID in a "typical time". As to the former allegation, arXiv clearly states that website administrators "cannot provide detailed feedback regarding submissions deemed inappropriate." As to the latter, plaintiff points to no provision governing the timeliness of arXiv's approval process.
Finally, plaintiff alleges that defendants breached the contract by rejecting his work in October, 2015, and reclassifying his paper to "physics.gen-ph" in November, 2016. Prior to submitting those papers, however, Aldabe agreed to arXiv's policy statement providing that "I understand that arXiv.org reserves the right to reclassify or reject any submission." Accordingly, arXiv did not materially breach any contract by rejecting or reclassifying plaintiff's work.
Plaintiff fails to allege that any material feature of the alleged contract was breached.
*376 Defendants' motion to dismiss plaintiff's claim of breach of contract for failure to state a claim upon which relief can be granted will be allowed.
Claims against Individual Defendants and the Simons Foundation
In addition to suing Cornell University, plaintiff brings his claims against a handful of individual defendants and the Simons Foundation. The only individual defendant who is mentioned in the body of the amended complaint is Paul Ginsparg and he allegedly played a role in Cornell's copyright infringement. However, plaintiff's copyright claim fails, as described above. Plaintiff also alleges that the Simons Foundation "aided and abetted" Cornell University's discrimination against him, but that claim fails as well because the underlying discrimination charge will be dismissed.
The substance and structure of a plaintiff's complaint "must give the defendants notice of the nature of the claim against them." Ruivo v. Wells Fargo Bank, N.A., 766 F.3d 87, 91 (1st Cir. 2014) (citing Cortés-Rivera v. Department of Corrections & Rehabilitation, 626 F.3d 21, 28-29 (1st Cir. 2010) ). Where a complaint omits any reference to individual defendants, no such notice is provided. Accordingly, courts dismiss causes of action for failure to state a claim as to unmentioned individual defendants. See, e.g., Keane v. Navarro, 345 F.Supp.2d 9, 12 (D. Mass. 2004).
The Court has explained that each count in plaintiff's amended complaint fails against Cornell University and the individuals who operate arXiv. In addition, however, the copyright count against Ginsparg and the discrimination count against Simons Foundation will be dismissed for failure to state a claim upon which relief can be granted, as will all counts against the individual defendants who are not mentioned in the body of the complaint.
III. Motion to Control Service
Defendants have filed a motion to control service of plaintiff's amended complaint on the 70 individual defendants who are not specifically mentioned therein. The motion requests that the court order plaintiff to refrain from serving those defendants until the Court rules on their pending motion to dismiss.
Defendants assert that plaintiff has named multiple individuals "to use his amended complaint as an instrument of harassment". In support of that assertion, defendants point to emails plaintiff exchanged with defendants' counsel and directly with individual defendants. In one such message to defense counsel, plaintiff explains:
Give me some credit and consider that I may make it stick and that all those defendants will have their names plastered on the internet unnecessarily.
In another, sent directly to a defendant, plaintiff states
Isn't cool that if you google your name the claim comes up for everybody to see!!
Plaintiff responds that this motion has no basis in law, and that blocking service would deny his right to petition the government and violate his right to due process.
Because the Court will allow the motion to dismiss with respect to the class of individual defendants who are not specifically mentioned in the body of the amended complaint, defendants' motion will be denied as moot.
VI.-Dismissal with prejudice
Plaintiff has already been permitted to amend his complaint once to bring it into compliance with the Federal Rules of *377 Civil Procedure and to include factual allegations pertaining to defendants' alleged misdeeds. Nevertheless, the amended complaint still fails to state any claim upon which relief can be granted. Because the Court will allow the defendants' motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), the dismissal is "a final decision on the merits, and is thus with prejudice." Foran v. Stryker Sales Corp., 2011 WL 652778 at *1 (D. Mass. Feb. 14, 2011) (citing Acevedo-Villalobos v. Hernandez, 22 F.3d 384, 388 (1st Cir. 1994) ).
A district court "should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). That low standard is not met in this case. Where a movant evinces futility, bad faith, undue delay, or a dilatory motive, amendment is not warranted. See Grant v. News Group Boston, Inc., 55 F.3d 1, 5 (1st Cir. 1995). Amending a complaint is futile if the amended complaint "could not withstand a 12(b)(6) motion to dismiss." Hatch v. Dep't for Children, Youth & Their Families, 274 F.3d 12, 19 (1st Cir. 2001) (quoting Rose v. Hartford Underwriters Ins. Co., 203 F.3d 417, 421 (6th Cir. 2000) ).
Here, the Court finds that further leave to amend plaintiff's complaint would be futile. His opposition to the motion to dismiss included new allegations and 20 new exhibits. That new information does not cure the defects of plaintiff's amended complaint and does not help him state a claim upon which relief can be granted. Instead, it consists of speculation and conclusory statements. Plaintiff's complaint will be dismissed in its entirety, with prejudice.
ORDER
For the foregoing reasons, defendant's motion to dismiss, (Docket No. 27), is ALLOWED and defendant's motion to control service (Docket No. 24) is DENIED AS MOOT .
So ordered.

The Court reiterates that, as a pro se litigant, plaintiff cannot bring a claim on behalf of another party or group. See D. Mass L.R. 83.5.5(b).