The plaintiffs, John H. Esposito and his excavating company, John H. Esposito Excavating, Inc. (collectively, Esposito), sought compensation for services rendered to improve a parcel of real property owned by the defendants.[5] A Superior Court judge allowed the defendants' motion for summary judgment, and Esposito appeals. We affirm.
1. Breach of contract. Esposito claims that Poladian breached the joint venture agreement to develop the property, and that he acted in bad faith. In particular, he claims Poladian breached the joint venture agreement by failing to take further steps to develop the property and by failing to compensate Esposito for the work that had been done on the property, and that Poladian acted in bad faith by failing to disclose the development agreement. We disagree.
To prevail on a claim for breach of contract, Esposito must demonstrate that there was an agreement between the parties; the agreement was supported by consideration; Esposito was ready, willing, and able to perform Esposito's part of the contract; Poladian committed a breach of the contract; and Esposito suffered harm as a result. See Singarella v. Boston, 342 Mass. 385, 387 (1961). By the terms of the agreement, a continuation of the development would occur only "if mutually agreeable to both parties." As the motion judge properly determined, under the plain terms of the agreement, Poladian was not required to develop the property if he no longer wanted to do so. Thus, there was no breach.
As for compensation to Esposito for the work performed, the agreement expressly provided that compensation would be provided "only upon the sales of lots of real estate." Because no lot was ever sold, that condition was not fulfilled, and there existed no obligation to pay Esposito for its investment, labor, and services. See Twin Fires Inv., LLC v. Morgan Stanley Dean Witter & Co., 445 Mass. 411, 420-421 (2005) (if condition not fulfilled, right to enforce contract does not come into existence).[6]
Even assuming, as we must for the purposes of summary judgment, that Poladian failed to disclose the development agreement to Esposito, this would not amount to a breach of Poladian's obligation to proceed in good faith. The joint venture agreement made it clear that Esposito would be paid only after a lot was sold, and then only after payment to McHugh and Paul. Esposito could not reasonably expect to recover from McHugh and Paul, even if Esposito was ignorant of the terms of the development agreement.
2. Implied contract. Esposito also claims that an implied contract existed among him, George and Arietta (as Paul's successors), and McHugh based on the agreement's requirement that Esposito and Poladian pay them when lots were sold. We disagree.
"In the absence of an express agreement, an implied contract may be inferred from (1) the conduct of the parties and (2) the relationship of the parties. An implied contract requires proof that there was a benefit to the defendant, that the plaintiff expected the defendant to pay for that benefit, and that the defendant expected, or a reasonable person should have expected, that he or she would have to pay for that benefit." Vita v. Berman, DeValerio & Pease, LLP, 81 Mass. App. Ct. 748, 754 (2012), quoting T.F. v. B.L., 442 Mass. 522, 526-527 (2004).
As an initial matter, there is an express agreement between Esposito and Poladian, which provided for compensation when a sale occurred. Even putting that aside, a reasonable person in Esposito's position would not have expected payment from any of the defendants because any payment term within the agreement was conditioned on the sale of a lot, which never occurred. There was no implied contract.
3. Quantum meruit. Esposito further claims Esposito is entitled to recover under a theory of quantum meruit against Poladian, McHugh, and George and Arietta. To recover under this theory, Esposito had to prove (1) that Esposito conferred a measurable benefit upon the defendants; (2) that Esposito reasonably expected compensation from the defendants; and (3) that the defendants accepted the benefit with the knowledge, actual or chargeable, of Esposito's reasonable expectation. See Finard & Co., LLC v. Sitt Asset Mgt., 79 Mass. App. Ct. 226, 229 (2011). Esposito failed to establish these elements.
As the motion judge properly determined, Esposito cannot recover against Poladian in such a manner where the joint venture agreement outlines the parameters of their duties to one another. See Boswell v. Zephyr Lines, Inc., 414 Mass. 241, 250 (1993) (no recovery warranted as matter of law if "valid contract covers the subject matter of a dispute"). Quantum meruit does not lie against Poladian.
Relative to the remaining defendants, Esposito's quantum meruit claim arises from their ownership of the property. Like the motion judge, we too conclude that Esposito's work conferred a benefit to the property. But conferring a benefit alone does not permit recovery in quantum meruit. See Salamon v. Terra, 394 Mass. 857, 860 (1985). As stated above, Esposito would only be compensated for the work he performed "only upon the sales of lots of real estate." Under this agreement, Esposito would only reasonably expect to be compensated by Poladian. For the same reason, McHugh and George and Arietta did not accept the benefit with the knowledge, actual or chargeable, of Esposito's expectation. See Finard & Co., LLC, 79 Mass. App. Ct. at 229.
4. Third-party beneficiary. To state a claim as a third-party beneficiary, Esposito was required to produce admissible evidence that the defendants "intended to give [him] the benefit of the promised performance." Lakew v. Massachusetts Bay Transp. Auth., 65 Mass. App. Ct. 794, 797 (2006), quoting Anderson v. Fox Hill Village Homeowners Corp., 424 Mass. 365, 366 (1997). "We look at the language and circumstances of the contract for indicia of intention" for purposes of determining whether a particular person is an intended beneficiary. Id. The parties' intent "must be clear and definite." Id. at 366-367.
Esposito claims that he is entitled to payment for his work because McHugh and George and Arietta were intended beneficiaries under the joint venture agreement. However, because no obligation toward Esposito arises from the defendants' status as intended beneficiaries, we disagree. As the motion judge determined, the only "right or burden" running from an intended beneficiary to the promisor is the right to enforce the promise against the promisor who has breached the contract. See Rae v. Air-Speed, Inc., 386 Mass. 187, 195 (1982).
Esposito also claims that he was an intended beneficiary of the development agreement between the owners of the property, i.e., Poladian, McHugh, and George and Arietta (as successors to Paul), because it was foreseeable that a third-party contractor, like himself, would be compensated for development work. Because the facts, viewed most favorably toward Esposito, do not support this claim, we disagree.
By the time the development agreement was executed, Esposito was known to the parties and had submitted plans to them regarding the development. Despite this, the development agreement neither mentions Esposito, nor does it specify any role for a third-party contractor. Esposito is correct that "there is no requirement that the intended beneficiary be identified by name in the contract." The James Family Charitable Found. v. State St. Bank & Trust Co., 80 Mass. App. Ct. 720, 725 (2011). However, the lack of such an identification "may have a bearing on the question whether the promisee intended to make a gift to him or otherwise to confer on him a right to the promised performance, and thus may determine whether he is an intended beneficiary or an incidental beneficiary" (citations omitted). Id., quoting Restatement (Second) of Contracts § 308 comment a (1981).
As the motion judge properly determined, when we look at the language and circumstances of the development agreement, it is apparent that it was intended to involve only the owners of the property and created rights only between the named parties. In fact, the purpose of the agreement was to grant Poladian the right to develop the property and to assume all the expense and risk associated with that task. There was no intent to confer any benefit to a third party.
Judgment affirmed.

At the time Esposito performed the work in question, the property was owned by Albert Poladian, Edward T. McHugh, and Paul P. Rigopoulos (Paul) as tenants in common. Later, Paul conveyed his one-third interest in the property to defendants George P. Rigopoulos (George) and Arietta Rigopoulos (Arietta). We use the first names of the defendants who share a surname.

Esposito also claims that George and Arietta and McHugh were obligated to pay Esposito for his work because developing the property would benefit them as tenants in common with Poladian. However, even if the development benefited the Rigopouloses and McHugh, they were not named parties to the joint venture agreement, and therefore had neither a duty to compensate Esposito, nor to continue the development. See Carnegie v. Morrison, 2 Met. 381, 393 (1841). As the motion judge held, merely because the agreement mentions Paul's and McHugh's right to be compensated by Esposito upon the sale of the lots, does not make them parties to the agreement. Finally, for reasons stated in the defendants' brief, Esposito has failed to establish, with admissible evidence, that the title to the property was not marketable or that any defect could not be cured.