NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

23-P-1469

MEEHN SU GIM[1]

vs.

YOUNG INVESTMENTS, LLC, & others.[2]

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

The plaintiff and the defendant Young Ho Lee (Lee) were

partners in a joint venture to develop a hotel in Porter Square,

Cambridge.  The terms of their partnership were memorialized in

a series of operating agreements and amendments to those

agreements.  After the hotel was constructed, the plaintiff

filed a fourteen-count complaint alleging breaches of contract,

breach of the implied covenant of good faith and fair dealing,

breach of fiduciary duty, and related claims, including one

---

[1] Individually and derivatively on behalf of Porter Square Hotel, LLC (hotel LLC).

[2] 1868 Mass Ave. LLC; Young Construction Company, Inc.; Young Construction Corp., Inc.; Young Construction Co., LLC; and Young Ho Lee (collectively, defendants).  Porter Square Hotel, LLC was named as a nominal defendant.

under G. L. c. 93A, § 9.  Lee, individually and on behalf of Young Investments, LLC, Young Construction Corp., Inc., and Porter Square Hotel, LLC (counterclaiming defendants), counterclaimed for breach of contract and for other fiduciary and contractual violations, as well as for violation of G. L. c. 93A, § 9.

The case was tried to a jury that returned verdicts for the defendants.[3]  The plaintiff filed motions for judgment notwithstanding the verdict and for a new trial on both his claims and the counterclaims and, separately, a motion for new trial or, alternatively, for remittitur.  These motions were denied by the trial judge.  The plaintiff claims multiple errors.  We affirm.

Discussion.  The facts are well known to the parties and we address them only to the extent necessary to provide context for our discussion of the various legal claims.

1. Applicable standards of review.  The denial of a motion for judgment n.o.v. presents a question of law reviewed under the same standard used by the trial judge.  See O'Brien v. Pearson, 449 Mass. 377, 383 (2007).  We view the evidence in the light most favorable to the nonmoving party, without weighing

---

[3] The defendant was the sole owner of Young Investments, LLC and Young Construction Corp., Inc.  The judgment awarded damages to Lee individually and to the hotel LLC.

2

the credibility of the witnesses or otherwise considering the weight of the evidence.  See Tosti v. Ayik, 394 Mass. 482, 494 (1985), S.C., 400 Mass. 224, cert. denied sub nom. United Auto Workers, Local 422 v. Tosti, 484 U.S. 964 (1987).  We uphold the verdict "if it may be determined that anywhere in the evidence, from whatever source derived, any combination of circumstances could be found from which a reasonable inference could be drawn in favor of the [nonmovant]" (quotation and citation omitted). Sullivan v. Five Acres Realty Trust, 487 Mass. 64, 68 (2020). To be reasonable, the inference "must be based on probabilities rather than possibilities and cannot be the result of mere speculation and conjecture" (citation omitted).  Reading Co-Operative Bank v. Suffolk Constr. Co., 464 Mass. 543, 556 (2013).

On a motion for new trial, a trial judge "may set aside a jury verdict and order a new trial if the verdict is against the clear weight of the evidence."  J. Edmund & Co. v. Rosen, 412 Mass. 572, 576 (1992).  We review the denial of a motion for a new trial for abuse of discretion.  Kuwaiti Danish Computer Co. v. Digital Equip. Corp., 438 Mass. 459, 466-467 (2003).

2.  Form and content of judgment.  The plaintiff maintains that the trial judge erred by, as he puts it, making a "wholesale adoption" of the defendants' proposed form of judgment.  Because a correct judgment, from whatever source,

3

would be affirmed, and an incorrect judgment reversed, we consider whether the judgments conform to the jury's verdict.

The special verdict slip reflects that the jury ruled in favor of Lee and awarded him damages totaling $5,027,620,[4] the amount that appears on line five in one judgment. The jury also awarded the hotel LLC $350,000 for the plaintiff's breach of fiduciary duty, which amount appears on line five in another judgment. The third judgment accurately reflects damages of $10,461,006, the same damages rendered by the jury's advisory verdict on the c. 93A claim. We discern no error.

The plaintiff does not seem to dispute that the sums are accurately reproduced on the judgment; rather, he asserts that the jury inflated the damages award because there were various instructions and representations that he would not be personally liable to repay the defendants' loans. Viewing the record in the light most favorable to the defendants, we perceive no support in the record for this assertion. See Palriwala v. Palriwala Corp., 64 Mass. App. Ct. 663, 672 (2005) (judgment affirmed where court did not "perceive any inconsistency between the jury's answers, or between their answers and the judge's instructions" [citation omitted]). The jury question and answer

---

[4] The jury awarded $4,302,701 for breach of an agreement to repay personal loans; $349,919 for breach of the LLC contracts; $200,000 for fraudulent misrepresentations; and $175,000 for breach of fiduciary duty

cited by the plaintiff did not limit the <u>amount</u> of damages the jury might find.[5]  The plaintiff has cited no case, and we are aware of no case, in which a jury has been asked to determine when, and how, a losing party must pay damages.  This is outside the fact-finding role of the jury.  See Glavin v. Eckman, 71 Mass. App. Ct. 313, 320 (2008) (assessment of amount of damages "traditionally a factual undertaking appropriate for determination by a jury as the representative voice of the community").

If the plaintiff is arguing that the error arose from the judgment's naming the plaintiff individually in the judgments, we are similarly unconvinced.  The plaintiff was the named defendant in the counterclaims on which the jury awarded these damages.  We discern no error.

3.  Denial of motion for remittitur.  The plaintiff also contends that the jury impermissibly awarded the defendants duplicative damages.  He raised a similar claim in a motion for new trial or, alternatively, for remittitur.  In that motion, however, his argument was based solely on the jury's damages

---

[5] The jury asked whether the plaintiff would be "required to start payment of the personal loan only after he is receiving dividends and distributions by Porter Square Hotel," and -- by agreement of the parties -- were told "that there was uncontroverted evidence that any personal loans were to be paid back by the LLC or from [the plaintiff's] share of profits and distributions."

award of $4,302,701 on the defendants' first counterclaim for breach of contract, with the plaintiff maintaining that the award "was excessive in light of the evidence" or duplicative of a "contractual responsibility to repay" the defendants. The trial judge rejected this argument.

On appeal, the plaintiff makes a different argument. He contends that the total damages awarded for breach of contract "includes the same undisclosed 'debts' [the defendant] has recovered under the fraud/misrepresentation theory, and the same loss of advantages [the defendants] recovered for breach of fiduciary duty" and that therefore any damages "outside this figure" must be duplicative. The plaintiff also argues for the first time that the damages awarded for breach of fiduciary duty are duplicative of damages awarded for "other counts."

"[I]ssues not raised below cannot be argued for the first time on appeal." Boss v. Leverett, 484 Mass. 553, 563 (2020). "The reason for this fundamental rule of appellate practice is well established:  it is important that an appellate court have before it an adequate record and findings concerning a claim to permit it to resolve that claim properly." R.W. Granger & Sons, Inc. v. J & S Insulation, Inc., 435 Mass. 66, 74 (2001). Because these arguments were neither raised in the plaintiff's posttrial motions nor addressed by the trial judge in her rulings on those motions, they are waived.

Even had the arguments been preserved, the outcome would be the same. A jury verdict will be upheld against a challenge of duplication "if, by any line of reasoning, the jury might have made a correct assessment of damages" (citation omitted). Vigorito v. Ciulla Bldrs., Inc., 57 Mass. App. Ct. 446, 453 (2003). In this case, the plaintiff seems to contend that his damages should have been limited to the defendants' damages claim based on his outstanding loans. This contention relies on a cramped and self-serving reading of an accountant's testimony that $14,763,707 was the amount the plaintiff owed to the defendants for loans. But the defendants' counterclaims were not based solely on unpaid loans. They also brought several counterclaims that sounded in fraud and breach of fiduciary duty. In the circumstances, we cannot say that the jury's damages award was duplicative. Contrast Simon v. Solomon, 385 Mass. 91, 108-111 (1982) (vacating portion of jury award based on duplicating items of damage or unwarranted application of damages provision).

4. Breach of restaurant management agreement. The plaintiff maintains that the jury ignored the weight of the evidence by determining that the defendants did not breach the restaurant management agreement (RMA). We would be well within our discretion not to consider this claim. First, the allegations in the complaint are sufficiently vague that it is

7

unclear whether the breach of contract claim even includes an allegation about the RMA. Second, although the plaintiff included an argument about the RMA in his motion for judgment notwithstanding the verdict and for a new trial, it was not this argument. The plaintiff argued in the trial court that he was denied compensation and damages under the RMA. On appeal, he maintains that he was the subject of a freeze-out and was not permitted to perform under the RMA. Although we would be warranted in deeming this argument waived, see Carey v. New England Organ Bank, 446 Mass. 270, 285 (2006), we exercise our discretion to address it.

To prevail on a breach of contract claim, a plaintiff must show that "(1) an agreement was made between the plaintiff[] and the defendant supported by valid consideration; (2) the plaintiff[] ha[s] been ready, willing, and able to perform; (3) the defendant's breach has prevented them from performing; and (4) the plaintiff[] ha[s] suffered damage." Tenants' Dev. Corp. v. AMTAX Holdings 227, LLC, 495 Mass. 207, 222 (2025), quoting Singarella v. Boston, 342 Mass. 385, 387 (1961).

Viewing the evidence in the light most favorable to the defendants, there was evidence from which a jury could draw a reasonable inference in favor of the defendants that the plaintiff failed to perform his obligations under the contract. See Beacon Tool & Mach. Co. v. National Prods. Mfg. Co., 252

8

Mass. 88, 91 (1925) (plaintiff cannot recover under contract he failed to perform). The plaintiff testified that, on the same day he signed the RMA giving himself management control over the hotel restaurant, he also signed a second contract giving a third party management control over the hotel restaurant. Having signed away his exclusive management rights, the plaintiff would have been hard pressed to perform under the contract.

In addition, although the plaintiff claimed that he could not perform under the RMA because Lee froze him out of developing and managing the hotel, this claim was the subject of a question in the special jury verdict and the jury found in favor of Lee. In other words, the jury explicitly concluded that Lee had not prevented the plaintiff from performing under the RMA, so his failure to perform was not excused.

For these same reasons, there was no abuse of discretion in the denial of the motion for a new trial.

5. Jury verdict on defendants' breach of fiduciary duty counterclaim. The counterclaiming defendants maintained at trial that the plaintiff breached his fiduciary duty to both Lee and the hotel LLC in multiple ways.[6] On appeal, the plaintiff

_____

[6] The counterclaiming defendants claimed fiduciary breach because (1) the plaintiff used threats of interference with a construction loan to force Lee to agree to make additional personal loans to the plaintiff; (2) the plaintiff threatened to

9

challenges the verdict by focusing on one alleged course of conduct and maintains that an explicit agreement in the operating agreement placed third-party capital loans "outside the fiduciary obligations of its members" so the plaintiff could not have committed a breach of his duty by refusing to sign for the $350,000 loan.

This argument is waived. The plaintiff did not raise it in his posttrial motion for judgment notwithstanding the verdict or for a new trial, nor in his later motion for a new trial or for remittitur. See Carey, 446 Mass. at 285. Even had the plaintiff preserved this argument for our review, its determination could not have changed the outcome because he failed to address six of the seven bases presented to the jury in support of the defendant's contention that the plaintiff breached his fiduciary duty.

6. Jury ruling on payments to plaintiff. During the course of the relationship, the plaintiff received multiple

---

bring in outside investors and rid himself of Lee's involvement; (3) the plaintiff interfered with the operation of the hotel to such an extent that hotel management asked that a no-trespass order be served on the plaintiff; (4) the plaintiff delayed the hotel's opening by hiring and firing personnel); (5) the plaintiff required reconfiguration of the already-built interiors of the hotel rooms and kitchen, costing additional money and delaying opening; (6) the plaintiff refused to provide money to the hotel and restaurants when the hotel LLC needed extra funds; and (7) the plaintiff refused to sign for a $350,000 pandemic-era loan, forcing Lee to expend more of his money to keep the hotel operating.

payments of $10,000 from the hotel LLC.  The plaintiff claims error in what he asserts was the jury's determination that these payments were not salary (as he contended) but rather loans to him, as Lee asserted, and maintains that the jury's award to Lee should be reduced by $130,000, the salary Lee was paid by the hotel LLC.  We are not persuaded.

We are hampered in our efforts to understand the basis for this argument because the plaintiff does not identify the source of the error he is appealing.  He maintains that "the jury found in favor of Lee's interpretation" of the payments to the plaintiff but does not identify where in the jury verdict this purported error arose.  To the extent that the plaintiff appears to be asking us to reweigh the evidence in his favor and conclude that these sums are already included in the judgment on count I, we decline to do so because it would be inconsistent with the great deference we owe the jury's verdict.  See Meyer v. Wagner, 57 Mass. App. Ct. 494, 500 (2003) ("The inquiry [in reviewing the denial of a motion for judgment n.o.v.] is not intended to invite the judge to substitute his view of the evidence for that arrived at by the jury").  Because the evidence showed multiple payments to the plaintiff from the

11

hotel and was sufficient to support the jury's verdicts, we decline to disturb them.[7]

Conclusion. The judgments dated February 2, 2023, are affirmed.

So ordered.

By the Court (Vuono, Hershfang & Tan, JJ.[8]),

Clerk

Entered:  July 16, 2025.

---

[7] A final argument that "the Jury's verdicts were the result of bias and prejudice regarding the amounts of moneys" Lee contributed to the project "and misapprehension and confusion as to the extent of [the plaintiff's] individual liability" is so glancingly made as not to rise to the level of appellate argument. See Mass. R. A. P. 16 (a) (4), as appearing in 481 Mass. 1628 (2019). See also Kellogg v. Board of Registration in Med., 461 Mass. 1001, 1003 (2011). Furthermore, it was not raised before the trial court and is waived for that reason as well. See Carey, 446 Mass. at 285.

[8] The panelists are listed in order of seniority.